COMMONWEALTH of Pennsylvania, Appellant

v.

Richard A. BUFFINGTON, Appellee.

Superior Court of Pennsylvania.

Argued Aug. 23, 2001.

Filed Nov. 5, 2001.

Reargument Denied Jan. 4, 2002.

Jeffrey D. Burkett, Assistant District Attorney, Brookville, for Com., appellant.

F. Cortez Bell, Clearfield, for appellee.

Before: JOHNSON, FORD ELLIOTT, and EAKIN, JJ.

JOHNSON, J.

¶ 1 In this appeal we determine whether a charge of sexual assault is precluded where Richard A. Buffington has been charged and acquitted of rape and involuntary deviate sexual intercourse (IDSI). We hold that sexual assault is not a necessarily included offense of rape or IDSI. Therefore, the Commonwealth is not precluded from re-prosecuting Buffington for sexual assault where the jury acquitted him of rape and IDSI.

¶ 2 The Commonwealth appeals from the trial court's order granting Buffington's motion for judgment of acquittal and dismissing a sexual assault charge. The Commonwealth contends that the trial court erred in concluding that a sexual assault charge was precluded by collateral estoppel where a jury acquitted Buffington of rape and IDSI. After study, we agree with the Commonwealth; accordingly, we reverse the trial court order and remand for further proceedings.

¶ 3 The facts of this case arise from events that transpired during an Independence Day picnic at Buffington's home. A.B. (the victim) and S.P., both sixteen, went to Buffington's home to watch the holiday fireworks. While there, Sherry Buffington, Buffington's wife, provided the girls with alcoholic beverages. Later that evening, one of the Buffingtons began playing a pornographic movie. At Buffington's suggestion, the victim, S.P. and the Buffingtons began playing strip poker. Eventually, the girls became intoxicated and the victim was entirely naked. The victim then passed out. Buffington instructed S.P. to go into another room presumably because Sherry Buffington wanted to speak with her. Buffington approached the victim, began rubbing his penis against her vagina, and then put his penis in her mouth. S.P. returned to the living room to find the victim crying. The victim told S.P. that Buffington had sex with her and that she had tried to tell him "no." The Commonwealth subsequently charged Buffington with two counts each of Disseminating Obscene Materials to Minors, Furnishing Liquor to Minors, Corruption of Minors, and one count each of IDSI by Forcible Compulsion, IDSI of an Unconscious Person, Rape of an Unconscious Person, and Sexual Assault. A jury found Buffington guilty of Disseminating Obscene Materials to Minors and Furnishing Liquor to Mi-

nors. Conversely, the jury acquitted Buffington with respect to the Rape and IDSI charges. Due to a hung jury, the trial court declared a mistrial with respect to the Sexual Assault charge. Thereafter, Buffington filed a motion for habeas corpus relief, which the court treated as a motion for judgment of acquittal. *See* Pa.R.Crim.P. 606(A)(3). Buffington argued that the Commonwealth could not prosecute him on a lesser-included charge of sexual assault. The trial court granted Buffington's petition from which the Commonwealth filed this appeal.

¶ 4 The Commonwealth presents the following issue for our review:

Whether, a jury's acquittal on the charge of Rape of an Unconscious Person and Involuntary Deviate Sexual Intercourse by Forcible Compulsion and/or of an Unconscious Person, operates as a finding of fact, as a matter of law, that the complainant consented to Sexual Intercourse thus barring retrial of [Buffington] on the charge of Sexual Assault.

¶ 5 Upon review of the Commonwealth's brief and the trial court's opinion, we construe the issue raised by the Commonwealth as asking whether the trial court erred in concluding that Rule 1120(d) of the Pennsylvania Rules of Criminal Procedure, prohibits the Commonwealth from re-prosecuting Buffington on the sexual assault charge. In support of its position, the Commonwealth relies on our Supreme Court's holding in *Commonwealth v. Kemmerer*, 526 Pa. 160, 584 A.2d 940 (1991), for the proposition that a defendant may be re-prosecuted for an offense when the elements of that offense require proof of facts different from those comprising the facts found in offenses upon which the fact-finder acquitted.

¶ 6 We direct our inquiry to whether Rule 1120(d) prohibits re-prosecution of Buffington on the sexual assault charge once he has been acquitted of rape and involuntary deviate sexual intercourse. We note that effective April 1, 2001, Rule 1120 was renumbered Rule 648. However, for the purposes of this discussion and in the interest of clarity, we shall continue to cite to Rule 1120. Equally important, our reference to Rule 1120, as opposed to Rule 648, has no impact on our analysis. Rule 1120(d) provided as follows:

(d) If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. If the jury cannot agree with respect to all the counts in the information or indictment *if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed.* When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment.

Pa.R.Crim.P. 1120(d) (renumbered Rule 648, and amended March 1, 2000) (emphasis added).

■ ¶ 7 The test for whether a given offense is lesser than and included in another asks whether the greater offense "necessarily involves" the lesser. *See Commonwealth v. Pemberth*, 339 Pa.Super. 428, 489 A.2d 235, 236 (1985). In determining whether one offense necessarily involves another, the question is wheth-

er all of the essential elements of the lesser offense are included in the greater. *See id.* "Stated another way, if the essential elements of crime B, and if crime A is less culpatory than crime B, then crime A is a lesser-included offense of crime B." *Id.*

■ ¶ 8 The application of Rule 1120(d) is limited to those instances where the offense upon which the jury could not agree is *necessarily included* in an offense upon which a verdict is reached. *See Commonwealth v. Kemmerer*, 526 Pa. 160, 584 A.2d 940, 943 (1991). The concept of necessary inclusion is more narrowly defined than is the lesser-included offense concept. *See id.* "For example, 'both adultery and rape include the offense of fornication, it is necessarily involved in them; bastardy is not necessarily involved, *but it may be.*'" *Id.* (citing *Commonwealth v. Lewis*, 140 Pa. 561, 21 A. 501, 502 (1891) (emphasis in original)). Applying this analysis to the charges presently before us necessitates a review of the relevant statutory provisions. The Crimes Code provides, in pertinent part:

### § 3121. Rape

(a) Offense defined.—A person commits a felony of the first degree when he or she engages in sexual intercourse with a complainant:

\* \* \* \* \*

(3) who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.

### § 3123. Involuntary Deviate Sexual Intercourse

a) Offense defined.—A person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant:

(1) by forcible compulsion;

\* \* \* \* \*

(3) who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring;

### § 3124.1. Sexual assault

Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S. §§ 3121, 3123, 3124.1 (respectively).

¶ 9 While it is clear that all of the above crimes require proof of sexual intercourse, there remains some ambiguity with respect to the complainant's complicity with the sex act. Attempting to resolve this ambiguity, the trial court employed a "common sense" approach and concluded that the phrase "'the complainant is unconscious or the defendant knows that the complainant is unaware that the intercourse is occurring'" is equivalent to "'without the complainant's consent.'" Trial Court Opinion, 7/7/00, at 7. We disagree.

¶ 10 We observe that the term "forcible compulsion," as used in section 3123, directly imputes the perpetrator's conduct whereas the absence of the complainant's consent in the language of section 3124.1 requires the fact-finder to consider the complainant's conduct. Although facts may be present in a case that would suggest a finding of forcible compulsion and the absence of consent, the want of consent is not necessarily included in a finding that a defendant forcibly compelled the complainant to engage in sexual intercourse.

¶ 11 Subsections 3121(a)(3) and 3123(a)(3) both require proof that the com-

plainant was *unaware* of the intercourse. Unlike either of those subsections, section 3124 focuses strictly upon the complainant's consent or the absence thereof. Again, while there may be facts present in a case suggesting that there was neither an awareness of the intercourse nor consent on the complainant's part, the absence of consent is not *necessarily* included in a finding that the complainant was unconscious or unaware of the intercourse. Therefore, we conclude that sexual assault is not an offense necessarily included in either rape or IDSI such that dismissal is required pursuant to Rule 1120. Accordingly, we conclude that where Rule 1120 does not preclude re-prosecution of the sexual assault charge, the trial court erred in dismissing the same. *See Kemmerer*, 584 A.2d at 945. Consequently, we reverse the trial court's order dismissing the sexual assault charge and remand for further proceedings consistent with this Opinion.

¶ 12 Order **REVERSED**. Case **REMANDED** for further proceedings consistent with this Opinion. Jurisdiction **RELINQUISHED**.