828 A.2d 1024

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Richard A. BUFFINGTON, Appellant.**

Supreme Court of Pennsylvania.

Argued March 4, 2003.

Decided July 22, 2003.

32

F. Cortez Bell, Clearfield, for Richard A. Buffington, Appellant.

Jeffrey D. Burkett, Brookville, for Commonwealth of Pennsylvania, Appellee.

Before CAPPY, Chief Justice, and CASTILLE, NIGRO, NEWMAN, SAYLOR, and LAMB, JJ.

## *OPINION*

Justice SAYLOR.

In this case, we consider whether a defendant may be retried for sexual assault after a jury was unable to agree

upon such count, but returned verdicts of not guilty on charges of rape and involuntary deviate sexual intercourse.

On July 4, 1998, Appellant and his wife invited S.P. and her friend A.B., both of whom were sixteen, to an Independence Day party. S.P. and A.B. arrived at Appellant's house sometime between 7:30 p.m. and 8:00 p.m.[1] During the party, alcoholic beverages were provided to the minors and, after watching the fireworks display, Appellant, his wife, S.P., and A.B. participated in drinking games, watched a sexually explicit videotape, and played strip poker. Both S.P. and A.B. consumed significant amounts of alcohol, and A.B. became intoxicated. At some point, A.B., in the course of walking from the kitchen into the living room area, missed a step and fell to the floor. The events that followed are in dispute, with Appellant and A.B. offering conflicting versions. A.B. claimed that, as she was lying face down on the floor in a semiconscious state, she felt Appellant reach down and touch her vaginal area. Thereafter, A.B. asserted, Appellant lifted her up, carried her to a nearby chair, began rubbing his penis against her, and then placed his penis into her mouth. Appellant provided differing versions of the events, ultimately denying that he committed any sexual acts, and maintaining that when he found A.B., she was lying on the living room floor without any clothing, that he asked S.P. to help him with A.B., and that S.P. refused. Appellant contended that A.B. thereafter attempted to initiate oral sex with him, and that he pulled away, leaving her alone.

The following day, A.B. reported the incident to the police, and Appellant was arrested and charged with committing rape by forcible compulsion and/or of an unconscious person,[2] invol-

---

1. Petitioner's brother-in-law and his two children were also present.
2. The Commonwealth proceeded under the following provisions of the rape statute:
 (a) **Offense defined.**—A person commits a felony of the first degree when he or she engages in sexual intercourse with a complainant:
 (1) By forcible compulsion.
 * * *
 (3) Who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.
 18 Pa.C.S. § 3121(a)(1), (3).

untary deviate sexual intercourse by forcible compulsion and/or of an unconscious person,[3] and sexual assault. In addition, Appellant was charged with disseminating obscene materials to minors, furnishing liquor to minors, and corruption of minors.[4]

Prior to trial, Appellant moved to dismiss the count in the criminal information for rape by forcible compulsion, asserting the absence of evidence to support a finding of force or the threat thereof. The trial court granted the motion,[5] and the matter proceeded to a jury trial, during which the Commonwealth presented, *inter alia*, testimony from A.B. and S.P. concerning the incident and the events surrounding it, with A.B. describing herself as being in a semi-conscious state at the time of the alleged assault. Appellant testified in his own defense, relating his version of the events. The jury acquitted Appellant of the rape and involuntary deviate sexual intercourse charges, found him guilty of disseminating obscene materials to minors, furnishing liquor to minors, and corruption of minors, and was unable to reach a verdict with respect to the sexual assault charge. As a result, the trial court declared a mistrial respecting the sexual assault offense. Thereafter, Appellant moved for a judgment of acquittal, averring that "the elements necessary for conviction of that charge would be the same as the elements for conviction of

3. The relevant sections of the involuntary deviate sexual intercourse statute provide:

 (a) **Offense defined.**—A person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant:
 (1) by forcible compulsion;

 * * *

 (3) who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring[.]
 18 Pa.C.S. § 3123(a)(1), (3).

4. The corruption of minors offense was based upon furnishing liquor, engaging in strip poker, and showing of a pornographic videotape.

5. The reason for the dismissal is unclear from the record.

Rape and Involuntary deviate sexual Intercourse, of which [he] was acquitted." [6]

The trial court granted Appellant's motion, noting that the inability of a jury to agree upon a verdict as to a particular crime does not generally implicate principles of double jeopardy, and that the procedure for addressing such claim is governed by Criminal Procedural Rule 1120(D), which states:

If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed. When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment.

Pa.R.Crim.P. 1120(D) (renumbered and amended as Rule 648(D), effective April 1, 2001) [hereinafter "Rule 648(D)"].[7] Based upon the second sentence of the above provision, which facially supported Appellant's claim by indicating that an acquittal of a greater offense may warrant the dismissal of lesser-included offenses, the court proceeded to address whether sexual assault was a lesser-included offense of rape or involuntary deviate sexual intercourse.

The court observed that the offense of rape involving an unconscious person required proof that the defendant engaged in sexual intercourse with another person, and that the other person was unconscious or the defendant knew that such

6. Appellant's request was styled as a "petition for writ of habeas corpus," which the trial court construed as a motion for a judgment of acquittal. *See generally* Pa.R.Crim.P. 608(A)(2) (providing that a written motion for judgment of acquittal may be filed after the jury has been discharged without agreeing upon a verdict).

7. Subsection (E) of Rule 648 provides for an identical procedure in the circumstance of two or more criminal informations or indictments. In this case, the charges were set forth in a single criminal information.

person was unaware that sexual intercourse was occurring. *See* 18 Pa.C.S. § 3121(a)(3). The elements of the involuntary deviate sexual intercourse offenses for which Appellant was charged required proof that he engaged in deviate sexual intercourse with another person either by forcible compulsion or where such person was unconscious or the defendant knew that such person was unaware that such intercourse was occurring. *See* 18 Pa.C.S. § 3123(a)(2), (3). The court proceeded to compare these offenses with the crime of sexual assault, which is defined as follows:

> Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S. § 3124.1. Upon examining the included elements of each offense, the trial court determined that sexual intercourse or deviate sexual intercourse is common to rape, involuntary deviate sexual intercourse, and sexual assault.

The trial court then proceeded to determine whether a lack of consent was similarly shared. While acknowledging that the words "without the complainant's consent" are not used in the rape and involuntary deviate statutes, the court applied a "common sense" approach, reasoning that sexual intercourse or deviate sexual intercourse with an unconscious person or a person whom the defendant knows is unaware that such contact is occurring is merely another way of indicating a lack of consent. The court therefore concluded that the acquittals of Appellant on the offenses of rape and involuntary deviate sexual intercourse must be interpreted as an acquittal of the sexual assault charge.

On appeal, the Superior Court reversed in a published opinion. *See Commonwealth v. Buffington*, 786 A.2d 271, 275 (Pa.Super.2001). The court framed the issue with reference to Rule 648(D) as whether sexual assault is a necessarily included offense of rape or involuntary deviate sexual intercourse. *See id.* at 273. Citing *Commonwealth v. Kemmerer*, 526 Pa. 160, 584 A.2d 940 (1991), the court noted that the application

of Rule 648(D) is narrower than the lesser-included offense doctrine, as the former applies only to "necessarily included offenses," which it defined as crimes in which all the essential elements of the offense requiring lesser culpability are included in the more culpable offense. *See Buffington,* 786 A.2d at 273–74. Upon analyzing the crimes at issue, the court agreed that the element of intercourse was common to rape, involuntary deviate sexual intercourse, and sexual assault; however, it disagreed with the trial court's reasoning that being unconscious or unaware that intercourse is occurring assumes the absence of consent. *See id.* at 274. Addressing the element of forcible compulsion, the court explained that such element relates to the conduct of the defendant, whereas the absence of consent in the sexual assault statute implicates the conduct of the complainant and, as a result, "the want of consent is not necessarily included in a finding that a defendant forcibly compelled the complainant to engage in sexual intercourse." *Id.* With respect to the specific provisions of the rape and involuntary deviate statutes at issue, the court concluded that, "the absence of consent is not *necessarily* included in a finding that the complainant was unconscious or unaware of the intercourse." *Id.* at 275 (emphasis in original).

This Court allowed appeal to address the principles reflected in Rule 648(D) in the context of the offenses of rape, involuntary deviate sexual intercourse, and sexual assault.

█ Although Appellant maintains that Rule 648(D) is more broadly applicable than interpreted by the Superior Court, he does not cast his argument as either implicating double jeopardy concerns or involving considerations beyond the elements of the offenses. Rather, Appellant contends that sexual intercourse or deviate sexual intercourse is an element of each offense, and that an absence of consent is similarly common. Relying upon the language of Rule 648(D) indicating that an acquittal of a greater offense operates as an acquittal of lesser-included offenses that the jury was unable to agree upon, Appellant argues that the trial court properly dismissed the lesser-included sexual assault charge. The Commonwealth, by contrast, explains that Rule 648(D) reflects collater-

al estoppel principles, which are not implicated where the greater offenses require proof of additional elements beyond those necessary for a conviction of the lesser-included offense. As sexual intercourse or deviate sexual intercourse accompanied by evidence of forcible compulsion or unconscious or unaware victims, involves proof of additional elements and implicates a higher degree of culpability than the lack of consent contemplated by the sexual assault statute, the Commonwealth contends, the acquittal of the rape and involuntary deviate sexual intercourse offenses does not, perforce, operate as an acquittal of sexual assault.

█ As a threshold matter, we note that Appellant's argument, focusing as it does on the terms of Rule 648, is misdirected, since the rule is designed, as reflected in the accompanying comment, to "serve only to codify the procedure where conviction or acquittal of one offense operates as a bar to a later trial on a necessarily included offense." Pa.R.Crim.P. 648 cmt.; *accord Kemmerer,* 526 Pa. at 164–65, 584 A.2d at 943; *Commonwealth v. Harris,* 400 Pa.Super. 12, 23, 582 A.2d 1319, 1325 (1990) (*en banc*). Rule 648, therefore, is merely the procedural device via which substantive principles relating to preclusion may be implemented in a criminal proceeding in Pennsylvania. *Accord* Pa.R.Crim.P. 648 cmt. ("No attempt is made to change the substantive law[.]"). Therefore, essential support for Appellant's claim for relief must derive from the underlying substantive principles, primarily the constitutional proscription against double jeopardy, *see* U.S. CONST. amend. V (guaranteeing that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb"),[8] and not on the procedural mechanism by which they are applied.

█ The Double Jeopardy Clause bars successive prosecutions and multiple punishments for the same offense. *See North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072,

---

8. The Fifth Amendment's protections are deemed applicable to the states through the Fourteenth Amendment. *See Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). Appellant does not attempt to frame a claim under the Pennsylvania Constitution.

2076, 23 L.Ed.2d 656 (1969). Two offenses are treated as the same for purposes of such protection "unless each requires proof that the other does not." *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977). It is well settled, however, that a defendant may be retried, without violating double jeopardy principles, after a first trial yields a deadlocked jury. *See Richardson v. United States*, 468 U.S. 317, 324, 104 S.Ct. 3081, 3085, 82 L.Ed.2d 242 (1984).

■ Application of the double jeopardy bar is frequently addressed in the context of greater and lesser included offenses. *See, e.g., Brown*, 432 U.S. at 169, 97 S.Ct. at 2227 (stating that, "the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense"). For example, courts have held that, where a jury has not been charged on lesser included offenses, an acquittal on the crime charged necessarily implies an acquittal on all lesser offenses encompassed by that charge, and, accordingly, double jeopardy would bar a second trial on a lesser included offense. *See United States v. Chestaro*, 197 F.3d 600, 609 (2d Cir.1999) (citing *Ex parte Nielsen*, 131 U.S. 176, 189–90, 9 S.Ct. 672, 676–77, 33 L.Ed. 118 (1889); *United States v. Gooday*, 714 F.2d 80, 82 (9th Cir.1983)). This result has not obtained, however, in instances in which lesser-included offenses were expressly put before the jury, but the jury was unable to reach a verdict on those offenses. In such instances, the ordinary rule is that retrial on the lesser included offense is constitutionally permissible. *See Chestaro*, 197 F.3d at 608–09 (explaining that the general principle that a defendant may be retried after his first trial results in a hung jury "is no different where the jury acquits the defendant of a greater offense but is deadlocked on a lesser included offense"); *Griffin v. State*, 717 N.E.2d 73, 82 nn. 15–16 (Ind.1999) (collecting cases for the proposition that an acquittal of a greater offense does not ordinarily, as a matter of double jeopardy, bar a retrial for lesser-included offenses); *cf. Harris*, 400 Pa.Super. at 19, 21–23, 582 A.2d at 1322, 1323–25 (construing former Rule 1120(D) and explaining that, "retrial of charges on which a jury has been unable to agree is not

40

barred unless the jury made findings on one or more other charges which must be interpreted as an acquittal of the offense for which the defendant is to be retried").

▪ To determine whether a crime constitutes a lesser included offense of another, the appropriate inquiry examines whether the elements of one offense are a subcomponent of another, with the greater offense including at least one additional element. *See United States v. Dixon,* 509 U.S. 688, 696–97, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993) (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). Complicating this essential assessment, however, this Court has drawn a distinction between the conception of a lesser included offense and a "necessarily included" offense, which is also defined by use of an elements test, explaining that lesser included is the narrower descriptor. *See Kemmerer,* 526 Pa. at 166, 584 A.2d at 943.[9] The distinction reflected the historically broader test for determining lesser-included offenses for purposes of the merger doctrine,[10] which looked, not only to the similarity of the elements, but also at the facts proven at trial. *See generally Commonwealth v. Williams,* 344 Pa.Super. 108, 123–25, 496 A.2d 31, 39–40 (1985) (*en banc*) (discussing the history of the merger doctrine). Although the terms "necessarily included" and "lesser included" have been viewed as distinct, with the former implicated where one offense embraces another by statutory definition, and the latter applicable when the offenses are related based upon the facts of a particular case, *see generally* Janis L. Ettinger, *In Search of a Reasoned Approach to the Lesser Included Offense,* 50 Brook. L.Rev. 191, 195–96 (1984), as reflected in Rule 648 and its commentary, the terms frequent-

9. While not explicitly stated by the Court in *Kemmerer,* the analysis mirrors the test from *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, which, as noted, is used as a means of assessing legislative intent in the context of the double jeopardy protections against successive prosecutions and multiple punishments. *See Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981).

10. At the time *Kemmerer* was decided, the Court's jurisprudence respecting the test for merger was unsettled. *See generally* Note, *Pennsylvania Purports to Abolish the Common Law Merger Doctrine,* 63 Temp. L.Rev. 385, 388–94 (1990).

ly were used interchangeably. *See, e.g., Schmuck v. United States*, 489 U.S. 705, 715–16, 109 S.Ct. 1443, 1450–51, 103 L.Ed.2d 734 (1989); *see also Commonwealth v. Polimeni*, 474 Pa. 430, 437 n. 5, 378 A.2d 1189, 1193 n. 5 (1977) (plurality opinion). In any event, this Court subsequently altered the test for determining whether an offense is lesser included for purposes of merger, focusing upon the elements. *See Commonwealth v. Anderson*, 538 Pa. 574, 580–81, 650 A.2d 20, 23 (1994) (aligning the inquiry for merger with that employed for double jeopardy and applying the *Blockburger* test).[11] Thus, under the present jurisprudence, there is no difference between a lesser-included offense and a necessarily included offense for purposes of Rule 648 and the incorporated substantive law, and the appropriate inquiry in either event examines whether the elements of one offense are a subcomponent of another, with the greater offense including at least one additional element. *See id.* at 580, 650 A.2d at 23.

 In the present case, it is therefore necessary to determine whether the elements of rape and/or involuntary deviate sexual intercourse overlap with sexual assault, with the greater offenses merely containing one or more additional

11. Although there are differing views concerning the extent to which a court is permitted to examine the evidence in deciding whether a particular crime is lesser-included, *see generally* WAYNE R. LAFAVE ET AL, CRIMINAL PROCEDURE § 24.8(e) (2d ed.1999) (collecting cases and describing the various approaches as "statutory-elements," "cognate-pleadings," and "evidentiary"), in connection with the successive prosecution and multiple punishment analysis, the United States Supreme Court has deemed the facts of a case as alleged in the charging document to be of significance where the crimes are defined as encompassing a range of acts or offenses. *See, e.g., Dixon*, 509 U.S. at 698, 113 S.Ct. at 2857 (addressing a contempt sanction based upon a court order that the defendant was not to commit any criminal offense); *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (*per curiam* ) (analyzing felony murder); *accord Commonwealth v. Comer*, 552 Pa. 527, 539, 716 A.2d 593, 599 (1998) (holding that, "the elements of homicide by vehicle are subsumed in the elements of involuntary manslaughter"); *cf. Roddy v. State*, 182 Ind. App. 156, 394 N.E.2d 1098, 1105–06 (Ind.App.1979) (recognizing that necessary inclusion embraces two types of offenses, those that are "inherently included" and those that are "possibly included," with the former based upon the legal definition of the crimes and the latter dependant upon the manner and means employed in committing the crime as alleged in the charging document).

42

elements. As the Superior Court correctly observed, rape, involuntary deviate sexual intercourse, and sexual assault all require proof of sexual intercourse. *Compare* 18 Pa.C.S. § 3121(a) and 3123(a), *with* 18 Pa.C.S. § 3124.1. The remaining question in assessing the relationship among the offenses is whether lack of consent (the only other element of sexual assault) is necessarily included within the elements of the greater offenses. As noted, the jury empanelled at Appellant's trial was charged on involuntary deviate sexual intercourse by either forcible compulsion or with an individual who is unconscious or unaware that sexual intercourse is occurring, *see* 18 Pa.C.S. § 3123(a)(1), (3), and rape of an individual who is unconscious or unaware that sexual intercourse is occurring. *See* 18 Pa.C.S. § 3121(a)(3). Concerning the element of forcible compulsion, the force needs to be such as to demonstrate an absence of consent, inducing submission without further resistance. *Cf. Commonwealth v. Berkowitz*, 537 Pa. 143, 148, 641 A.2d 1161, 1163 (1994) (discussing forcible compulsion under the rape statute).[12] Thus, forcible compulsion encompasses a lack of consent, although it has been interpreted as requiring something more. *See id.* at 150, 641 A.2d at 1165. Similarly, while neither rape involving an unconscious person nor involuntary deviate sexual intercourse with an unconscious person references a lack of consent as an element, in either circumstance, the absence of consent is assumed from the state of the victim. *See generally Commonwealth v. Erney*, 548 Pa. 467, 472–74, 698 A.2d 56, 58–59 (1997) (describing rape as essentially an " 'involuntary submission to sexual intercourse[,]' " and explaining that the legislative intent underlying rape of an unconscious person is the punishment of individuals who perform sexual intercourse upon those who are "physically or mentally incapable of consent" (citation

12. For example, in *Berkowitz*, the Court noted that, while "the complainant's testimony that she stated 'no' throughout the encounter ... would be relevant to the issue of consent, it is not relevant to the issue of force[;] [therefore][,] where there is a lack of consent, but no showing of either physical force, a threat of physical force, or psychological coercion, the 'forcible compulsion' requirement under [the rape statute] is not met." *Id.*, at 149, 641 A.2d at 1164.

omitted)); *Commonwealth v. Price*, 420 Pa.Super. 256, 262, 616 A.2d 681, 684 (1992).

 As the rape and involuntary deviate sexual intercourse offenses at issue subsume a lack of consent, although each requires more, and sexual intercourse is common to the offenses, we conclude that sexual assault constitutes a lesser-included offense of these crimes.[13]

The conclusion that lesser (or necessarily) included offenses were involved, however, does not aid Appellant as a matter of elemental double jeopardy analysis, since, as we have noted, the general rule is that acquittal of a greater offense does not bar retrial on lesser included offenses as to which the jury was charged but unable to render a verdict. *See supra* (citing *Chestaro*, 197 F.3d at 608–09; *Griffin*, 717 N.E.2d at 82 nn. 15–16).

 Appellant's citation to the United States Supreme Court's decision in *Ashe v. Swenson*, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), however, implicates another aspect of double jeopardy jurisprudence. Double jeopardy encompasses elements of issue preclusion (or collateral estoppel), under which a jury's verdict may, in certain circumstances, be viewed as a finding that forecloses consideration of an issue or fact in a subsequent prosecution. *See id.* at 444, 90 S.Ct. at 1194. In order for this to occur, the jury's verdict must be of such a character that it reflects a definitive finding respecting a material element of the prosecution's subsequent case. *See Ashe*, 397 U.S. at 446, 90 S.Ct. at 1195–96; *Chestaro*, 197 F.3d at 609 ("The collateral estoppel component precludes the government from retrying a defendant where the jury's verdict in the initial trial necessarily determined in the defendant's favor an issue that would be an element of the offense to be proven at the retrial."); *see, e.g.,* Hon. ROBERT S. HUNTER, 2 FEDERAL TRIAL HANDBOOK CRIMINAL

---

13. In this regard, it is noteworthy that the sexual assault statute was enacted in response to the decision in *Berkowitz*, and that testimony by a representative of the District Attorney's Association before the Senate Judiciary Committee described the statute a constituting a "lesser-included offense" of rape. *See* Legis. J.—Senate at p. 22 (Jan. 31, 1995).

§ 12:26 (4th ed. 2003) ("When a straightforward application of the doctrine [of collateral estoppel] leads to the conclusion that the jury found that the defendant was not one of the criminals involved in the alleged crime, a second prosecution for crimes arising out of the same event is wholly impermissible."). The analysis involves an assessment distinct from the elemental, *Blockburger*-variety inquiry undertaken above; may entail consideration of the pleadings, evidence, charge and other relevant matters, *see Ashe*, 397 U.S. at 444, 90 S.Ct. at 1194; and, as a result, may afford a broader reach. *Cf. Griffin*, 717 N.E.2d at 83–87 (treating collateral estoppel as a discrete double jeopardy consideration). The party seeking to invoke preclusion principles, however, bears the burden of establishing that the issue he seeks to foreclose from consideration in a subsequent prosecution was necessarily resolved in his favor in the prior proceeding. *See Dowling v. United States*, 493 U.S. 342, 350–51, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990).

Here, although Appellant cites to the *Ashe* decision, he has not framed his claim as such. Moreover, the jurors' verdict does not establish or necessarily imply a unanimous finding that the Commonwealth failed to establish an essential element of sexual assault. Consistent with the acquittals on the rape and involuntary deviate sexual intercourse charges, various jurors may have nevertheless maintained the view that Appellant visited non-consensual sexual intercourse on A.B., albeit without forcible compulsion and at a time during which A.B. was conscious and aware.

In summary, we hold that, although sexual assault is a lesser included offense of the rape and involuntary deviate sexual intercourse crimes of which Appellant was acquitted, elemental double jeopardy analysis does not bar his re-trial for sexual assault, nor has Appellant demonstrated that his subsequent prosecution is foreclosed by any finding expressed in, or necessarily implied from, the present verdict.

The order of the Superior Court is affirmed.

Justice EAKIN did not participate in the consideration or decision of this case.