J-S60041-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT ANTHONY CATRONE, | : | |
| | : | |
| Appellant | : | No. 1371 MDA 2017 |

Appeal from the Judgment of Sentence April 11, 2014
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0004713-2008

BEFORE:    SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED: JANUARY 10, 2019**

Vincent Anthony Catrone (Appellant) appeals from the April 11, 2014 judgment of sentence imposed after a jury convicted him of, *inter alia*, three counts of involuntary deviate sexual intercourse (IDSI) for acts committed against his stepdaughter, A.M.  Upon review, we remand with instructions.

We discern the following factual and procedural history from the record.  When A.M. was 10 years old, Appellant began to digitally fondle and penetrate A.M.'s vagina during her bathtime.  This continued on a near-monthly basis.  When she was 12 years old, Appellant additionally began attempting to insert small objects, such as a cucumber, into A.M.'s vagina during bathtime.  When she was 14 years old, these bathtime assaults escalated further, with Appellant groping A.M.'s breasts, having vaginal intercourse with A.M., and having A.M. perform oral sex on Appellant.

*Retired Senior Judge assigned to the Superior Court.

Following the vaginal intercourse and oral sex, Appellant would ejaculate onto A.M.'s face or chest. Appellant threatened A.M. with harm to her, her mother (Mother), and her half-brother, V.C.,[1] if she reported these assaults.

When A.M. was approximately 15 years old, Appellant temporarily moved out of the house and the monthly assaults ceased. However, on one occasion when A.M. was visiting her stepfather at his new residence with V.C., Appellant subjected A.M. to vaginal intercourse in his bedroom while he simultaneously watched a pornographic video. Appellant thereafter moved back in with Mother. A.M. moved out of her Mother's house when she was 17 years old. Following that, only two incidents with Appellant occurred, both when A.M. was 18 years old. On the first occasion, Appellant attempted to have A.M. perform oral sex on him when she visited Mother's home, but she was able to leave the residence without doing so. The next time she went to Mother's home, A.M. was subjected to performing oral sex on Appellant.

Following the last incident, A.M., realizing that the abuse would not stop, confided the years of abuse to Mother and filed a report with the state police in Hazelton a few days later, in October 2008. Appellant was charged with two counts of rape, four counts of IDSI, one count of unlawful contact with a minor, two counts of aggravated indecent assault, one count of

---

[1] V.C. is the son of Appellant and Mother.

statutory sexual assault, one count of indecent assault, and one count of corruption of minors.

Appellant proceeded to a jury trial on October 13-15, 2009. Prior to trial, Appellant made an oral motion *in limine* to preclude the Commonwealth from asking Mother about Appellant's sexual activity preferences, including that he watched pornographic videos and used objects during intercourse, and preferred to ejaculate on Mother's face and chest following intercourse or oral sex. Finding that testimony to be more prejudicial than probative, and protected by marital privilege, the trial court prohibited the Commonwealth from pursuing that line of testimony. N.T., 10/14/2009, at 16-17. The next day, the jury found Appellant not guilty of the two charges of rape, but was unable to reach a unanimous verdict on the remaining charges. N.T., 10/13-15/2009, at 333-34. Ultimately, the trial court declared a mistrial on the deadlocked charges. *Id.* at 336.

Thereafter, the Commonwealth timely appealed the trial court's ruling on Appellant's motion *in limine* because it handicapped the Commonwealth's re-prosecution of Appellant. On appeal, this Court reversed the trial court's ruling, finding that the evidence was relevant, highly probative, and not protected by marital privilege. ***Commonwealth v. Catrone*** (***Catrone I***), 24 A.3d 451 (Pa. Super. 2011) (unpublished memorandum at 19).

Appellant appeared for a second jury trial on the deadlocked charges on September 24, 2012. Prior to this second trial, Appellant argued that

because Appellant was found not guilty of rape by forcible compulsion, trying him again as to the remaining ten charges would "twice put him in jeopardy from similar or the same offenses[.]" N.T., 9/24/2012, at 7. The trial court denied Appellant's motion, and he proceeded to trial. *Id.* at 9. The aforementioned facts were developed, along with testimony from Mother about Appellant's sexual preferences, as well as character witnesses regarding A.M. and Appellant. Additionally, Appellant presented evidence in support of his defense that A.M. fabricated the sexual assault claims because she believed that Appellant was attempting to take part of her settlement proceeds resulting from a car accident involving Appellant, A.M., and V.C.

At the conclusion of the trial, Appellant was found guilty of three counts of IDSI, two counts of aggravated indecent assault, and one count each of unlawful contact with a minor, statutory sexual assault, and indecent assault. On April 11, 2014,[2] Appellant was found to be a sexually violent predator (SVP) and was sentenced to an aggregate term of incarceration of 23 years and 5 months to 46 years and 10 months. Due to Appellant's IDSI conviction and SVP designation, he is required to register as a sex offender for his lifetime.

---

[2] The reason for this delay was due in part to a sexual offender assessment and a motion for extraordinary relief filed by Appellant that was subsequently withdrawn.

Appellant timely filed a post-sentence motion.[3]  The trial court denied the motion on August 14, 2017, and this timely-filed appeal followed.[4]  On appeal, Appellant presents seven issues for our consideration.  Appellant's Brief at 11-12.

We first address Appellant's claim that because he was found not guilty of rape at his first trial, his double jeopardy rights were violated when he was retried on the first jury's deadlocked sexual assault charges.  Appellant's Brief at 33.

We begin with our standard of review.  "An appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of

---

[3] Initially, Appellant did not file a post-sentence motion or direct appeal.  Appellant twice petitioned the trial court to file a direct appeal *nunc pro tunc*, which the trial court denied.  On appeal from the second denial, this Court treated Appellant's petition as one filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, reversed the trial court order, and remanded for the reinstatement of Appellant's post-sentence and direct appeal rights.  **Commonwealth v. Catrone** (**Catrone II**), 153 A.3d 1114 (Pa. Super. 2016) (unpublished memorandum at 3).

Thereafter, on September 29, 2016, Appellant filed a post-sentence motion alleging, *inter alia*, that his mandatory minimum sentences for IDSI were illegal.  The trial court set a briefing schedule and Appellant complied; the Commonwealth did not. Over 120 days passed; the trial court failed to rule on the motion and the clerk of courts failed to deny the motion by operation of law.  The trial court purported to schedule a resentencing hearing on the IDSI counts for May 23, 2017, but subsequently directed the clerk of courts on May 25, 2017 to enter an order reflecting that the motion had been denied by operation of law.  The clerk of courts failed to do so.  On June 7, 2017, Appellant again sought reinstatement of his post-sentence rights, which the trial court granted on June 9, 2017.

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*." ***Commonwealth v. Adams***, 177 A.3d 359, 370 (Pa. Super. 2017) (citation omitted). "Under the Double Jeopardy Clauses of both the United States and Pennsylvania Constitutions, as well as under the Pennsylvania Crimes Code, a second prosecution for the same offense after acquittal is prohibited." ***Commonwealth v. Gibbons***, 784 A.2d 776, 777 (Pa. 2001) (citation omitted).

Appellant's double jeopardy claim is premised on the principle of collateral estoppel. Thus, we also keep the following in mind.

> [A] jury's verdict may, in certain circumstances, be viewed as a finding that forecloses consideration of an issue of fact in a subsequent prosecution. In order for this to occur, the jury's verdict must be of such a character that it reflects a definitive finding respecting a material element of the prosecution's subsequent case.... The party seeking to invoke preclusion principles… bears the burden of establishing that the issue he seeks to foreclose from consideration in a subsequent prosecution was necessarily resolved in his favor in the prior proceeding.

***Commonwealth v. Buffington***, 828 A.2d 1024, 1032-33 (Pa. 2003) (citations omitted).

On appeal, in a three-sentence argument, Appellant references his post-sentence motion to demonstrate that he has met the ***Buffington*** burden. Appellant's Brief at 33. However, Appellant's post-sentence motion is even sparser: "[Appellant's] retrial was prohibited by [the] double

jeopardy clause, which was raised by [Appellant], through [c]ounsel, at the commencement of the [t]rial[.]" Post-Sentence Motion, 6/15/2017, at ¶ 29(c). Contrary to Appellant's assertion, Appellant offered nothing at the time of his oral motion to establish how the deadlocked charges were necessarily resolved in his favor due to the jury's finding of not guilty of rape by forcible compulsion. Instead, the Commonwealth presented the trial court with an explanation of how the elements of rape by forcible compulsion were distinct from IDSI, statutory sexual assault, corruption of minors, and indecent assault, because all of those charges lack any "force" element. N.T., 9/24/2012, at 7-8. Appellant did not contest the Commonwealth's analysis, and the trial court denied the motion. *Id.* at 8-9.

Based upon our review, we find that Appellant has failed to meet his burden to establish collateral estoppel. *See Buffington*, 828 A.2d at 1032-33. Even if he had made any effort to meet this burden, because none of the deadlocked charges contained an element of forcible compulsion, those charges were not resolved in Appellant's favor at his first trial. Therefore, double jeopardy did not preclude Appellant's retrial. Accordingly, the trial court did nor err in denying Appellant's motion to bar retrial.

We next turn to Appellant's claim that the trial court erred in denying his post-sentence motion where he asserted that the verdict was against the weight of the evidence. Appellant's Brief at 29. "A verdict is against the weight of the evidence 'where certain facts are so clearly of greater weight

that to ignore them or to give them equal weight with all the facts is to deny justice.'" ***Commonwealth v. Williams***, 176 A.3d 298, 312 (Pa. Super. 2017) (quoting ***Commonwealth v. Lyons***, 833 A.2d 245, 258 (Pa. Super. 2003)). We examine challenges to the weight of the evidence according to the following standard.

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. When a trial court considers a motion for a new trial based upon a weight of the evidence claim, the trial court may award relief only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. The inquiry is not the same for an appellate court. Rather, when an appellate court reviews a weight claim, the court is reviewing the exercise of discretion by the trial court, not the underlying question of whether the verdict was against the weight of the evidence. The appellate court reviews a weight claim using an abuse of discretion standard.

***Commonwealth v. Jacoby***, 170 A.3d 1065, 1080 (Pa. 2017) (citations and quotation marks omitted).

On appeal, Appellant contends that the trial court, in its Pa.R.A.P. 1925(a) opinion, applied the incorrect standard of review in addressing Appellant's claim that the verdict is against the weight of the evidence. Appellant's Brief at 29-30. Upon review of the record, we agree.

In response to Appellant's claim that the trial court erred in denying his post-sentence motion that the verdict was against the weight of the

evidence, the trial court applied the sufficiency-of-the-evidence standard of review, and concluded that "[t]he evidence at trial clearly support[ed] the jury's verdict." *See* Trial Court Opinion, 3/29/2018, at 11-12. Thus, the trial court applied the wrong standard of review and failed to provide this Court with an explicit determination on the weight of the evidence.

"Our role, as noted above, is to review the trial court's exercise of discretion in ruling on a weight of the evidence challenge. We do not review the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Sullivan*, 820 A.2d 795, 807 (Pa. Super. 2003) (citation omitted). Because the trial court applied the wrong standard in its analysis of Appellant's weight-of-the-evidence claim, "we are unable to conduct our limited review as to whether the trial court abused its discretion in concluding that its conscience or sense of justice was not shocked by the guilty verdict." *Id.* (footnote omitted). Accordingly, we remand to the trial court with directions to rule on Appellant's weight-of-the-evidence claim under the appropriate standard, and to write a supplemental opinion, within 30 days of the filing of this memorandum, detailing its ruling and findings. *See Commonwealth v. Ragan*, 653 A.2d 1286, 1288 (Pa. Super. 1995) (remanding for supplemental opinion where trial court addressed sufficiency of the evidence but not weight of the evidence). In light of our disposition, we need not address Appellant's remaining claims at this time.

Remanded with instructions. Panel jurisdiction retained.