J-S06007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIO GONZALEZ | : | |
| | : | |
| Appellant | : | No. 714 MDA 2022 |

Appeal from the Order Entered May 5, 2022
In the Court of Common Pleas of Union County
Criminal Division at No: CP-60-CR-0000225-2020

BEFORE: STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED: JULY 24, 2023**

Appellant, Julio Gonzalez, appeals from the May 5, 2022 order denying his motion to dismiss the remaining charges against him on grounds of Double Jeopardy. We affirm.

The Commonwealth commenced this action on September 28, 2020, in a criminal complaint charging Appellant with two counts of attempted homicide, seven counts of aggravated assault, conspiracy, and discharging a firearm into an occupied structure. The charges arose from a June 1, 2020 drive-by shooting of a house, in which Appellant allegedly was the shooter. Two of the victims—Daevon Bodden and Jaheem Lewis—were sitting outside on the porch at the time of the shooting and sustained nonfatal gunshot

_____

[*] Former Justice specially assigned to the Superior Court.

wounds. Five others present inside the house were unharmed. The Commonwealth charged Appellant with one count of aggravated assault for each of the seven persons present either inside or outside the home at the time of the shooting. The attempted homicide charges pertained to Bodden and Lewis.

The parties proceeded to trial on March 28 and 29, 2022. During deliberations, the jury sent several written notes to the trial court. The first of these pertained to the conspiracy charges. The Commonwealth moved to *nolle prose* those charges, and the trial court granted the motion without objection from Appellant. Eventually, the jurors informed the trial court that they had reached verdicts of not guilty for five of the aggravated assault charges but were deadlocked as to the remaining two. Likewise, the jury was deadlocked as to the two charges of attempted homicide and one count of discharging a firearm into an occupied structure. The deadlocked homicide and aggravated assault charges pertained to Bodden and Lewis. The jury returned acquittals on the counts of aggravated assault of the five persons inside the home. In summary, the Commonwealth dismissed the conspiracy charges, the jury returned acquittals on five of the aggravated assault charges, and the jury's deadlock resulted in a mistrial on the remaining charges.

Subsequently, Appellant filed a motion to dismiss the remaining counts on grounds of double jeopardy. The trial court denied that motion without

finding it to be frivolous.[1]  This timely appeal followed.  The sole issue before us is whether the trial court erred in finding that Double Jeopardy and collateral estoppel do not bar retrial on the deadlocked charges.  Appellant's Brief at 20.

Appellant presents a question of law for which our standard of review is *de novo*.  **Commonwealth v. States**, 938 A.2d 1016, 1019 (Pa. 2007).  The United States and Pennsylvania Constitutions provide that no person may be tried twice for the same offense.  U.S. CONST. amend. V.; PA. CONST. art. I, § 10.  The federal and Pennsylvania constitutions are coextensive on this point.  **States**, 938 A.2d at 1019.  Criminal collateral estoppel is a subpart of double jeopardy protection.  **Id.** at 1020.

"Collateral estoppel … does not automatically bar subsequent prosecutions[,] but does bar redetermination in a second prosecution of those issues necessarily determined between the parties in a first proceeding which has become a final judgment."  **Id.** (**quoting Commonwealth v. Smith**, 540 A.2d 246, 251 (Pa. 1988)).  In other words, criminal collateral estoppel applies where the jury's verdict "reflects a definitive finding respecting a material element of the prosecution's subsequent case."  **Commonwealth v. Buffington**, 828 A.2d 1024, 1032 (Pa. 2003).

---

[1]  An order that denies a double jeopardy motion without finding the motion frivolous is an appealable collateral order under Pa.R.A.P. 313. **Commonwealth v. Gross**, 232 A.3d 819, 832-33 (Pa. Super. 2020), **appeal denied**, 242 A.3d 307 (Pa. 2020).

Pennsylvania courts have employed a three-part analysis in determining whether subsequent prosecution is barred:

> 1) an identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine;
>
> 2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and
>
> 3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*States*, 938 A.2d at 1021.

In employing the three-part test, we are mindful of the following guidance from our Supreme Court:

> [T]he rule of collateral estoppel in criminal cases is not to be applied with [a] hypertechnical and archaic approach … but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. The inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.

*Commonwealth v. Jordan*, 256 A.3d 1094, 1099-100 (Pa. 2021) (**quoting**

*Ashe v. Swenson*, 397 U.S. 436 (1970)).

As explained above, the jury found Appellant not guilty of aggravated assault with respect to uninjured parties inside the home. They were

- 4 -

deadlocked on two counts of attempted homicide and two counts of aggravated assault regarding Bodden and Lewis. The jury sent the following notes to the trial court:

> The third note read, 'We have debated and we are deadlocked and we have all felt that we have looked at the evidence, and no one feels more deliberation will change their decision.' ***See*** Court's Exhibit 2; ***see also*** N.T. 3/29/22, p. 189. The fourth note read in pertinent parts, the following: **'[W]e don't have any disagreement with the individual counts as to guilt or innocence of the shooter. That is not our issue. Our issue is we cannot reach a unanimous agreement that [Appellant] was the shooter.** We have had intelligent, lively discussion and have debated the available evidence, and we honestly feel that no amount of further deliberation is going to change any of our minds.' The note then read, 'We have agreed on a not guilty verdict for [five aggravated assault counts relating to the five uninjured persons inside the home]. ***See*** Court's Exhibit 3; ***see also*** N.T. 3/29/22, p. 187.

Trial Court Opinion, 7/11/22, at 3-4 (emphasis added).

Appellant argues there is no meaningful distinction between the Commonwealth's case against Bodden and Lewis and its case against the other five alleged victims who were inside the house. Appellant argues that his retrial and conviction on charges stemming from the alleged attempted homicide and aggravated assault of Bodden and Lewis could only be the result of a verdict that is inconsistent with the jury's verdict in this case.

We disagree. All seven counts of aggravated assault arose under the same subsection, which provides that "A person is guilty of aggravated assault if he […] attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting

extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). The jury's notes to the trial court make clear that the jury was deadlocked on the identity of the shooter. The notes also state that the jury was not split as to the guilt or innocence of the shooter. Thus, the jury believed the shooter—whoever it was—was guilty of attempted homicide and aggravated assault of Bodden and Lewis but not guilty of aggravated assault of the five persons inside the home. Considering the elements of § 2702(a)(1), the jury could have found, and presumably did find, that the shooter did not attempt to cause serious bodily injury to the persons inside the house. There is no inconsistency between that finding and a finding that the shooter attempted to cause or actually caused serious bodily injury to Bodden and Lewis.

Thus, Appellant has failed to establish that the jury, in returning acquittals on five of seven aggravated assault charges, necessarily resolved all issues pertaining to the remaining two aggravated assault charges. In fact, that is obviously not the case. The five acquittals pertained to persons who were unharmed and not visible to the shooter at the time of the shooting. The remaining charges pertain to Bodden and Lewis, who were outside the home, visible to the shooter, and sustained gunshot wounds. The jury was unable to agree on whether Appellant was the shooter. And the disagreement on that issue also explains the jury's deadlock on the charges of attempted homicide and discharge of a firearm into an occupied structure. The doctrines

of double jeopardy and collateral estoppel pose no bar to retrial on the remaining counts.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2023