COMMONWEALTH of Pennsylvania, Appellee

v.

**Gregory DeLONG, Appellant.**

Superior Court of Pennsylvania.

Argued March 16, 2005.
Filed June 30, 2005.

Kenneth E. Picardi, Pottstown, for appellant.

Eric E. Winter, Asst. Dist. Atty., Reading, for the Com., appellee.

Before: STEVENS, BOWES, and McCAFFERY, JJ.

STEVENS, J.:

¶ 1 This is an interlocutory appeal as of right from the order[1] entered by the Court of Common Pleas of Berks County, which denied Appellant's motion to dismiss Possession With the Intent to Deliver (PWID) and Delivery of Methamphetamine charges on grounds of double jeopardy, collateral estoppel, and *autrefois acquit.* We affirm.

¶ 2 The pending jury trial will be Appellant's second on the above offenses. In Appellant's first trial, a jury convicted him of PWID and Delivery, and acquitted him of the lesser included charge of simple possession.[2] The trial court set aside the convictions, however, when it discovered the jury foreperson had tainted deliberations by discussing his unauthorized internet research on the legal definition of "entrapment," which was an issue in the case.

¶ 3 The Commonwealth reinstated charges only on the PWID and Delivery offenses that had resulted in convictions, and dismissed the simple possession charge on double jeopardy grounds. Appellant filed a pre-trial motion, however, for dismissal of the remaining charges as well on double jeopardy and related grounds. Specifically, he argued that dismissal was required because all charges stemmed from the same incident, and if the jury had acquitted him of lesser included offense possession, then a conviction on greater inclusive PWID and Delivery offenses must have been error. The court denied Appellant's motions, and this interlocutory appeal as of right followed.

¶ 4 Appellant reprises his argument that acquittal of lesser included offense simple possession must place a double jeopardy, estoppel, or *autrefois acquit* bar on a second prosecution of the greater inclusive offenses PWID and Delivery, even if the jury convicted him on the greater offenses in the first trial. Appellant admits that he could find no case directly on point mandating or endorsing this novel preclusion argument. Nor does he gather support from inapposite decisions invoking double jeopardy protections to bar second prosecutions of greater inclusive offenses where the first trial resulted in (1) acquittal of the greater inclusive offense altogether, (2) acquittal of the lesser included offense coupled with an inability to agree upon the greater inclusive offense,[3] or (3) acquittal of a lesser included offense which was the only offense charged to the jury at the first trial.[4] In each of these scenarios, double jeopardy precluded a second prosecution on the greater inclusive offense either because the former ver-

---

1. In Pennsylvania "a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds." *Commonwealth v. Savage,* 388 Pa.Super. 561, 566 A.2d 272, 275 (1989).

2. The crime of simple possession is a lesser-included offense of both possession with the intent to deliver a controlled substance, *Commonwealth v. Rippy,* 732 A.2d 1216 (Pa.Super.1999), and delivery of a controlled substance, *Commonwealth v. Harris,* 719 A.2d 1049 (Pa.Super.1998).

3. *Commonwealth v. Zimmerman,* 498 Pa. 112, 445 A.2d 92 (1982) (barring second trial on third degree murder and manslaughter charges unresolved from first trial, when first trial ended in acquittal of both first degree murder charge and lesser included offense simple assault).

4. *Commonwealth v. Thatcher,* 364 Pa. 326, 71 A.2d 796 (1950) (barring the classic successive prosecution scenario; finding double jeopardy clause precluded a prosecution on murder and voluntary manslaughter charges that were based on the same facts as an involuntary manslaughter charge of which defendant was acquitted in a former prosecution).

dict denoted insufficient evidence with respect to the greater inclusive offense or a component part thereof, the Commonwealth had the obligation of prosecuting the greater inclusive offense at the first trial but failed to do so, or the defendant had the right of finality in the criminal judgment. The inconsistent verdicts in Appellant's first trial do not raise these concerns, for Appellant was convicted of the greater inclusive offenses which are now refiled against him. The source of Appellant's convoluted argument, therefore, seems to lie in his misapprehension of how the inconsistent verdicts in his first trial bear on his second trial.

> Consistency in verdicts in criminal cases is not necessary.... When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity. The rule that inconsistent verdicts do not constitute reversible error applies even where the acquitted offense is a lesser included offense of the charge for which a defendant is found guilty.

*Commonwealth v. Petteway*, 847 A.2d 713, 718 (Pa.Super.2004).

¶ 5 Read in this light, the jury's decision to acquit Appellant of the simple possession charge but convict on PWID and Delivery charges is understood as an act of lenity in a case where the evidence focused, in any event, predominantly on Appellant's act of delivery during a controlled buy of methamphetamine. The inconsistent verdict, therefore, does not imply error, mistake, or inability to agree as to the two greater inclusive offenses.

¶ 6 Nor is there, therefore, a double jeopardy, estoppel, or *autrefois acquit* problem with a second prosecution of the greater inclusive offenses in this case. Though conceptual and practical differences exist with each principle, they share the purpose of barring retrial for the same offense.

¶ 7 The double jeopardy prohibition "is often described as a universal principle of reason, justice and conscience." *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977) (citations omitted). *Bolden* continues:

> Double jeopardy policy is implicated in a variety of procedural contexts. In each of these contexts, the policy against multiple trials has been recognized as central to the double jeopardy clause. The critical consideration is that a defendant should be forced to 'run the gauntlet' of a criminal prosecution only once for a single offense. A criminal prosecution imposes severe psychological, physical and economic burdens on the accused. It is morally wrong for the government to impose these hardships on an individual more than once for a single offense. The double jeopardy prohibition stems from this moral judgment which is deeply held by our society.

*Bolden*, 472 Pa. at 631, 373 A.2d at 104.

¶ 8 "Under the Double Jeopardy Clauses of both the United States and Pennsylvania Constitutions, as well as under the Pennsylvania Crimes Code, a second prosecution for the same offense after acquittal is prohibited." *Commonwealth v. Gibbons*, 567 Pa. 24, 784 A.2d 776 (2001) (citing U.S. Const. amend. V; Pa. Const. art. I, § 10; 18 Pa. Cons.Stat. § 109(1)[5]).

---

5. Section 109 provides:
 When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

This rule barring retrial is confined to cases where the prosecution's failure to meet its burden is clear and a second trial would merely afford the prosecution another opportunity to supply evidence that it failed to put forth in the first proceeding.

The rationale is that 'this prohibition prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance.'

*Gibbons,* 567 Pa. at 28, 784 A.2d at 778 (citations omitted).

¶ 9 Appellant's retrial on PWID and Delivery charges is not based on an inadequate evidentiary proffer in the first prosecution, for the Commonwealth obtained convictions on both charges. Moreover, retrial follows what the trial court determined was a necessary, post-verdict declaration of a mistrial caused by juror misconduct. The necessity of the court's ruling is not in dispute. This Court has specifically found that double jeopardy preclusion of "successive prosecutions" for the same offense did not apply to such a retrial. *Commonwealth v. Vincent,* 345 Pa.Super. 173, 497 A.2d 1360 (1985). Therefore preclusive double jeopardy does not bar retrial on PWID and Delivery in this case.[6]

¶ 10 Appellant also raises a similar aspect of double jeopardy jurisprudence involving elements of issue preclusion, also called collateral estoppel. Under the principle of collateral estoppel:

a jury's verdict may, in certain circumstances, be viewed as a finding that forecloses consideration of an issue of fact in a subsequent prosecution. In order for this to occur, the jury's verdict must be of such a character that it reflects a definitive finding respecting a material element of the prosecution's subsequent case.... The party seeking to invoke preclusion principles, however, bears the burden of establishing that the issue he seeks to foreclose from consideration in a subsequent prosecution was necessarily resolved in his favor in the prior proceeding.

*Commonwealth v. Buffington,* 574 Pa. 29, 43–44, 828 A.2d 1024, 1032–33 (2003). Again, no such acquittal, failure to make a case, or jury disagreement with respect to the greater inclusive offenses occurred at Appellant's first trial. Rather, convictions were obtained. There was certainly nothing resolved in Appellant's favor in the prior proceeding with respect to the PWID and Delivery charges.

¶ 11 With no double jeopardy, estoppel, or *autrefois acquit* bar to a second prosecution on the greater inclusive offense charges raised against Appellant, we affirm the order entered below.

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

18 Pa.C.S. § 109(1). In the case at bar, the first prosecution of the PWID and Delivery greater inclusive charges resulted in a finding of guilt, which takes the second prosecution on such charges outside the scope of Section 109(1).

6. Our decision on the double jeopardy claim necessarily defeats Appellant's claim based on the common law principle of *autrefois acquit,* which bars prosecution of a charge where the defendant was previously acquitted of the same charge in a previous trial.

¶ 12 Order is affirmed. Case is remanded for further proceedings consistent with this decision. Jurisdiction is relinquished.