J-A07027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL AARON ROSS | |
| Appellant | No. 1487 WDA 2014 |

Appeal from the Order Entered August 5, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002038-2004

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 12, 2015**

Paul Aaron Ross appeals from the order entered in the Court of Common Pleas of Blair County that denied his motion to preclude the Commonwealth from seeking the death penalty upon retrial.  After careful review, we affirm.

On November 10, 2005, a jury found Ross guilty of first degree murder and related offenses.  The following day, a sentencing hearing took place, at the conclusion of which the jury received a First Degree Murder Sentencing Verdict Slip consisting of two parts:  "I. General Instructions" and "II. Sentencing Verdict and Findings," the latter which we reproduce here in full.

II. SENTENCING VERDICT AND FINDINGS

If you have reached a unanimous verdict, complete this part of the form

In Section A, indicate whether the sentencing verdict is death or life imprisonment.  If the sentence is death, indicate the basis

for the verdict by completing Section B. If the sentence is life imprisonment, indicate the basis for that verdict by completing Section C.

A. We, the jury, unanimously sentence the Defendant to (check one):

☐      Death
☐      Life Imprisonment

B. The findings on which the sentence of death is based are (check one):

☐      1. At least one aggravating circumstance and no mitigating circumstance.

The aggravating circumstance(s) unanimously found is/are:

_____
_____

☐      2. One aggravating circumstance(s) which outweighs any mitigating circumstance(s).

The aggravating circumstance(s) unanimously found is/are:

_____
_____

The mitigating circumstance(s) found by one or more of us is/are:

_____
_____
_____
_____

C. The findings on which the sentence of life is based are (check one):

☐      1. No aggravating circumstance exists

☐      2. The mitigating circumstance(s) is/are not outweighed by the aggravating circumstance.

The mitigating circumstance(s) found by one or more of us is/are:

_____
_____
_____
_____

The aggravating circumstance unanimously found is:

_____
_____

_____        _____
Date                                                    Jury Foreperson

The jury began its deliberations at 2:46 p.m., N.T. Sentencing Hearing, 11/11/05, at 197, and at 5:17 p.m., a question from the jury was delivered to the court.  Immediately thereafter, the court addressed the jury as follows:

> Good afternoon, ladies and gentlemen of the jury.  I have received a communication from your foreperson and it reads, Your Honor, the jury is unable to reach a unanimous decision on life or death and it is unlikely that we can.  Please advise the next step.  Thank you.  Your foreperson, Robert L. Beck.
>
> And I'm going to instruct you with two paragraphs to try to give you guidance on where to go from here.  Members of the jury, if you do not agree unanimously on the sentence of the defendant and on one of the two general findings that would support it then you have two options, you may either continue to discuss the case and deliberate the possibility of the death sentence or if you all agree to do so, you can stop deliberating and sentence the defendant to life imprisonment and you would do so by simply writing on the verdict slip we have stopped deliberating and we sentence the defendant to life.  That is not on the form.  You would have to write that separately.
>
> If you should come to a point where you have deliberated conscientiously and thoroughly and you still cannot agree either to sentence the defendant to life or death or to stop deliberating and just sentence him to life, you should report that to me at that point and I then will determine whether you are hopelessly

deadlocked on that issue and then it becomes my duty to sentence the defendant to life imprisonment.

*Id.* at 201-02.

The jury continued its deliberations at 5:26 p.m., and at 5:41 p.m., it returned to the courtroom with a verdict. The foreperson read the following statement, which he had written on the Sentencing Verdict and Findings sheet: "Your Honor, the jury has been at an impasse and can't reach a unanimous vote. The verdict is life." *Id.* at 203.

On November 23, 2005, the trial court imposed a sentence of life imprisonment for first degree murder plus 24 to 48 years' imprisonment for other crimes arising out of the same incident. Ross filed post-sentence motions, which the court denied on January 30, 2006. Ross then filed an appeal, which this Court dismissed due to counsel's failure to file a brief. Following *nunc pro tunc* reinstatement of his appellate rights on August 14, 2009, the matter came before this Court, which vacated the judgment of sentence and remanded for a new trial on October 10, 2012. *Commonwealth v. Ross*, 57 A.3d 85 (Pa. Super. 2012). Our Supreme Court denied the Commonwealth's petition for allowance of appeal on August 15, 2013, *Commonwealth v. Ross*, 72 A.3d 603 (Pa. 2013), and subsequently denied the Commonwealth's motion for reconsideration.

The matter returned to the court of common pleas for trial, and on July 8, 2014, Ross filed a motion to preclude the death penalty, which was argued on July 29, 2014. By opinion and order dated August 5, 2014, the court denied the motion, and on September 3, 2014, Ross filed a timely

notice of appeal. The Commonwealth filed a motion to dismiss, which this Court denied on December 9, 2014.

On appeal, Ross raises the following issue for our review:

Should a jury verdict of a life sentence following the penalty phase of [Ross'] first capital trial result in the Commonwealth being barred based upon double jeopardy protections from pursuing a sentence of death in [Ross'] retrial?[1]

Brief of Appellant, at 10.

The principles underlying the trial court's decision were set forth in **Commonwealth v. Sattazahn**, 763 A.2d 659 (Pa. 2000), where our Supreme Court stated:

The United States Supreme Court has consistently reaffirmed the basic principle that the constitutional guarantee against double jeopardy imposes no limitations upon the power to retry a defendant who has succeeded in getting his first conviction set aside. [**Commonwealth v.**] **Martorano**, 634 A.2d [1063, 1068-69 [(Pa. 1930)]. Since the original conviction is nullified at a defendant's behest, the "slate was wiped clean," and the sentencing court can impose any legally authorized sentence, whether or not it is greater than the sentence imposed following the first trial. **Martorano**, 634 A.2d at 1068, citing **North Carolina v. Pearce**, 395 U.S. 711, 720-21 (1969). An exception to this rule exists where the sentencing proceeding resembles a trial. **See Bullington** [**v. Missouri**, 451 U.S. 430 (1984)]; [**Arizona v.**] **Rumsey**[, 467 U.S. 203 (1984)].

In **Bullington**, a defendant was tried for capital murder and at the guilt phase of trial, the jury returned a verdict of guilty. As required by statute, the trial court then conducted a sentencing

---

[1] "In Pennsylvania a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds." **Commonwealth v. DeLong**, 879 A.2d 234, 237 n.1 (Pa. Super. 2005) (citations omitted).

hearing before the same jury that had found the defendant guilty. The parties were afforded the opportunity to present additional evidence in aggravation or mitigation of punishment. After argument, instructions from the judge and deliberation, the jury returned a unanimous verdict of life imprisonment. When Bullington was granted a new trial on appeal, the state notified him of its intention to seek again the death penalty. Because the first sentencing jury, by choosing life, impliedly decided that the prosecution had not proved its case for death, the result was that the jury "acquitted" the defendant of the death penalty. This "acquittal on the merits" precludes the State from seeking the death penalty upon retrial. 451 U.S. at 434-35, 101 S.Ct. 1852

*****

In **Martorano**, we applied **Bullington** and **Rumsey** and held that the Commonwealth is not precluded from seeking the death penalty on retrial, where, following their first trial, defendants were convicted of first-degree murder and sentenced to life imprisonment, not by a unanimous jury verdict, but by the trial judge following the jury's deadlock regarding the penalty. The hung jury did not act as an acquittal on the merits as did the proceedings at issue in **Bullington** and **Rumsey**.

*****

Here, unlike the sentence in **Burlington** or the other cases just discussed, the jury did not make a decision on the merits regarding an appropriate penalty. It did not find that the state had failed to prove its case. It made no findings about the existence of any aggravating or mitigating circumstances. It was deadlocked. Since it made no decision, there could not in fact be any "acquittal on the merits." Nor did the imposition of a life sentence by the trial judge operate as an acquittal. Under Pennsylvania's sentencing scheme, the judge has no discretion to fashion sentence once he finds that the jury is deadlocked.

**Sattazahn**, 763 A.2d at 366-67.[2]

---

[2] The United States Supreme Court affirmed the decision of our Supreme Court. **Sattazahn v. Pennsylvania**, 537 U.S. 101 (2003).

- 6 -

Accordingly, the critical question before us is whether the entry of a life sentence following Ross' first trial was an acquittal on the merits, thus precluding the death penalty on retrial. We conclude that it was not.

As in **Sattazahn**, the jury in this case made no findings with respect to aggravating or mitigating circumstances. The jury left blank the entire Sentencing Verdict and Findings Slip reproduced above. The jury did not check off the box marked Death or the box marked Life Imprisonment. It did not list any aggravating factors unanimously found or any mitigating factors found by one or more members of the jury. Clearly, the jury did not reach unanimous agreement as to sentencing. Under these circumstances, the Sentencing Code provides that the court may discharge the jury, "in which case the court shall sentence the defendant to life imprisonment." 42 Pa.C.S. § 9711(c)(1)(v).

But for one factual wrinkle, the instant matter would be on all fours with **Sattazahn**. Here, the trial court instructed the jury that if it could not agree on the sentence it could "stop deliberating and sentence the defendant to life imprisonment and you would do so by simply writing on the verdict slip we have stopped deliberating and we sentence the defendant to life." N.T. Sentencing Hearing, 11/11/05, at 201. As the trial court recognizes in its opinion in support of the order denying Ross' motion, it "erred to advise the jury to write on the verdict slip, 'we sentence the defendant to life.'" Opinion and Order, 8/5/14, at 8.

Ross argues that the statement, "[t]he verdict is life," written on the bottom of the Sentencing Verdict and Findings form constitutes a final judgment barring the death penalty on retrial. We disagree because on the verdict slip, "[t]he verdict is life" is preceded by the sentence, "[t]his jury has been at an impasse and can't reach a unanimous vote." In other words, the jury was deadlocked. The conclusion that the jury was deadlocked is supported by the fact that the jury did not check the box on the verdict form that the jury unanimously sentenced the defendant to life imprisonment.

Because the penalty phase of Ross' first trial ended in a hung jury, the imposition of a sentence of life imprisonment by default did not act as an acquittal. *See Sattazahn*, *supra*; *Martorano*, *supra*. Therefore, double jeopardy does not prevent the Commonwealth from seeking the death penalty on retrial.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015