J-S71022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSEPH EDDY JEROME | |
| Appellant | No. 3608 EDA 2015 |

Appeal from the Judgment of Sentence November 25, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004173-2014
CP-23-CR-0004296-2014

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED FEBRUARY 08, 2017**

Appellant, Joseph Eddy Jerome, appeals from the judgment of sentence entered on November 25, 2015, in the Court of Common Pleas of Delaware County. Additionally, Jerome's court-appointed counsel, Coley O. Reynolds, Esquire, has filed a petition to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We affirm Jerome's judgment of sentence and grant counsel's petition to withdraw.

Attorney Reynolds has complied with the mandated procedure for withdrawing as counsel. *See id*., at 361 (articulating *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010)

---

[*] Former Justice specially assigned to the Superior Court.

(providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Jerome has not filed a response to counsel's petition to withdraw.

Taken from Jerome's *pro se* Rule 1925(b) statement, counsel has identified three issues in the **Anders** brief that Jerome believes entitle him to relief: that his cases were consolidated in violation of the Commonwealth Attorneys Act, 71 P.S. §§ 732-101 *et seq*.; that he is entitled to discharge pursuant to a violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure; and that his sentence violates Double Jeopardy. To understand why these three claims are frivolous we very briefly examine the procedural history of this case.

The Delaware County District Attorney's Office filed charges against Jerome. The Pennsylvania Office of Attorney General then filed charges against him, incorporating the charges originally filed by Delaware County authorities—among *many* others stemming from activities in other counties. The Attorney General's office then moved to consolidate the two cases for trial in Delaware County.

Jerome later entered into a negotiated guilty plea. And he was warned of the ramifications of his plea in the written guilty plea colloquy, which informed him of the effect of his plea and exactly what direct appeal rights challenges he was waiving and preserving by pleading guilty. **See** Guilty Plea Statement Instructions, filed 11/25/15, at ¶ 21. In exchange for Jerome

pleading guilty to one count of "[t]he acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge," 35 P.S. § 780-113(a)(12), the Commonwealth would withdraw the remaining 356 counts of various other offenses.

At the guilty plea hearing, the trial court verbally granted the consolidation motion. The trial court methodically went over the rights Jerome was waiving by pleading guilty, reviewed the plea deal with him, and conducted the guilty plea colloquy. **See** N.T., Guilty Plea, 11/25/15, at 6-15. Then, in accordance with the negotiated plea agreement, the trial court sentenced Jerome to 3½ to 7 years' imprisonment on the one count. And, pursuant to the plea deal, the Commonwealth withdrew the remaining counts. The trial court filed an order granting the consolidation after entry of the plea.

Jerome received exactly what he bargained for in entering his plea. He has never claimed that the plea was invalid. Upon entering his guilty plea, as he was informed, he "waived his right to challenge on appeal all non-jurisdictional defects except the legality of his sentence and the validity of his plea." **Commonwealth v. Rush**, 909 A.2d 805, 807 (Pa. Super. 2006) (citation and brackets omitted). An examination of Jerome's claims reveals that they are frivolous. He desires to raise two claims that were lost once he pled guilty and another alleging an illegal sentence that has no legal basis.

Jerome first claims that the Commonwealth violated his prompt trial rights. Jerome's guilty plea waived any claim of error pursuant to Rule 600. *See Commonwealth v. Barbaro*, 94 A.3d 389, 391 n.2 (Pa. Super. 2014).

His consolidation claim is likewise waived. Jerome never lodged any objection, prior to or during his guilty plea, to the Attorney General prosecuting the case. *See* Pa.R.A.P. 302(a). Accordingly, by pleading guilty, he cannot *now* succeed on this claim. *Cf*. *Commonwealth v. Khorey*, 555 A.2d 100, 105-106 (Pa. 1989). Furthermore, the Delaware County Court of Common Pleas had subject matter jurisdiction in this case as prosecutors from the Attorney General's office and the Delaware County District Attorney's Office each signed their respective criminal informations. *See id*., at 108-109.

Jerome's double jeopardy claim also fails. "The critical consideration" with respect to the double jeopardy prohibition is "that a defendant should be forced to 'run the gauntlet' of a criminal prosecution only once for a single offense." *Commonwealth v. DeLong*, 879 A.2d 234, 238 (Pa. Super. 2005) (citation omitted). Jerome pled guilty to just *one* count—a count for a criminal offense that was never previously prosecuted by any other authority. There is no double jeopardy prohibition in this case.

After examining the issues contained in the *Anders* brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2017