J-S72035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT JOHN PEOPLES, JR., | : | |
| | : | |
| Appellant | : | No. 376 MDA 2016 |

Appeal from the Judgment of Sentence February 9, 2005
in the Court of Common Pleas of Lackawanna County
Criminal Division, at No(s): CP-35-CR-0000337-2004
CP-35-CR-0000338-2004

BEFORE: GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　　　**FILED MAY 22, 2017**

Robert John Peoples, Jr. (Appellant) appealed from the judgment of sentence entered following his guilty pleas to crimes related to his dissemination of child pornography. Appellant's counsel originally filed in this Court a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We denied counsel's petition and remanded for the filing of new briefs on the issue of whether Appellant's convictions for dissemination of four items of child pornography should have merged for sentencing purposes with his convictions for possession of those same four images. **See Commonwealth v. Peoples**, 376 MDA 2016 (Pa. Super. December 23, 2016) (unpublished memorandum). After review of those

_____

* Retired Senior Judge assigned to the Superior Court.

briefs, we conclude that the convictions do merge for sentencing purposes. Accordingly, although we affirm his judgment of sentence in all other respects, we vacate four of his sentences for possession of child pornography.

Appellant pled guilty in 2004 to various crimes at two docket numbers. Relevant to the issue before us, Appellant pled guilty in case number 337 to four counts of dissemination of child pornography under 18 Pa.C.S. § 6312(c)(1), and four counts of possession of child pornography under 18 Pa.C.S. § 6312(d)(1),[1] based upon his possession and internet transmission of the four images with file names "hayley016.jpg," "hayley017.jpg," "hayley018.jpg," and "felisha13.jpg." In 2005, Appellant was sentenced, *inter alia*,[2] to an aggregate sentence of 72 to 180 months of imprisonment on the dissemination counts and concurrent sentences of six to 12 months on each of the possession counts.

After numerous procedural missteps discussed at length in our prior memorandum, Appellant's direct appeal came before us in 2016. Upon review of counsel's **Anders** brief, we agreed that there was no merit to the claim that Appellant was not sentenced in accordance with the plea agreement, nor to most claims that his convictions should have merged for

---

[1] The version of the statute under which Appellant was convicted was effective from January 21, 2003 to September 13, 2009.

[2] Appellant's aggregate sentence for all convictions at both docket numbers amounted to 176 to 424 months of incarceration.

sentencing purposes. However, we determined that the claim that the possession and dissemination convictions based upon the same four images "is not so clearly devoid of merit to warrant classifying this appeal as frivolous." *Peoples*, 376 MDA 2016 (unpublished memorandum at 15). Rather, we concluded "that counsel is able to put forward good-faith arguments that Appellant is serving an illegal sentence." *Id.* Appellant and the Commonwealth have filed their briefs, and the issue is ripe for determination.

We begin by reiterating the applicable law.

> The purpose of the merger doctrine is double jeopardy-based, *i.e.*, to safeguard against multiple punishments for the same act. The test for sentencing merger is the same test utilized to decide whether more than one offense has been committed in the double jeopardy context. …[T]he fact that this Court employs the same analysis in double jeopardy and sentencing merger cases is a function of the Double Jeopardy Clause's prohibition … which protects against both successive punishments and successive prosecutions for the same offense. The United States Supreme Court has explained, however, that [e]ven if the crimes are the same[,] ... if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.

*Commonwealth v. Davidson*, 938 A.2d 198, 217-18 (Pa. 2007) (footnotes, citations, and quotation marks omitted). The statute governing merger provides as follows.

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the

- 3 -

court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

The applicable statute prohibiting possession of child pornography stated the following: "Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense."  18 Pa.C.S. § 6312(d)(1).

The statute regarding dissemination of child pornography provided as follows.

> Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S. § 6312(c)(1).

Contrary to the Commonwealth's argument, *see* Commonwealth's Brief at 11-12, it is clear that all of the elements of possession under subsection (d)(1) are included within the elements of dissemination under subsection (c)(1).  We agree with Appellant that, from the plain language of the statutes, one simply cannot be guilty of disseminating child pornography without also being guilty of possessing it.  Appellant's Brief at 9.

- 4 -

To determine whether Appellant legally received separate sentences for possessing the four images that he disseminated, the question we must decide is whether Appellant's possession and dissemination were separate criminal acts as to each image, or whether the possession and dissemination of each was a single criminal act. Our decision is guided by the following principles.

"When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity." *Commonwealth v. Martinez*, 153 A.3d 1025, 1030 (Pa. Super. 2016) (citation and internal quotation marks omitted). Rather, "[t]he issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime…." *Id.* (citation and internal quotation marks omitted). Importantly, "[w]hen determining whether separate crimes constitute a single criminal act, this Court has stated that we should look to the elements of the crimes involved as charged by the Commonwealth." *Commonwealth v. Kimmel*, 125 A.3d 1272, 1276 (Pa. Super. 2015) (*en banc*) (citations and internal quotation marks omitted).

The analysis in the *Kimmel* case is instructive. In that case, Kimmel received separate sentences for driving under the influence (DUI) and fleeing while DUI, and argued that the former should have merged with the latter. The convictions were based upon the following facts.

> Officer Jason Beltz conducted a traffic stop based on his suspicion that [Kimmel] was driving while intoxicated. [Kimmel] stopped his truck and exhibited signs of intoxication. [Kimmel] then became combative, and the officer took [Kimmel's] keys. [Kimmel] then returned to his truck, locked the door, and retrieved a second set of keys from his pocket. At this juncture, [Kimmel] chose to again drive the truck while intoxicated while fleeing from Officer Beltz, and [Kimmel] was arrested at the conclusion of his drunken flight. The circumstances here are straightforward: there was the initial DUI, followed by a traffic stop, followed by [Kimmel's] choosing to flee while DUI.

*Kimmel*, 125 A.3d at 1276 (citations omitted). This Court held that there were separate criminal acts, and hence merger did not apply, as "the affidavit of probable cause, the criminal complaint, and the criminal information reveal[ed] that [Kimmel] was charged with committing DUI and charged with felony fleeing because, after the traffic stop, he fled while in violation of the DUI statute." *Id.* at 1277 (emphasis and citation omitted).

We have found no authority addressing the issue as to possession and dissemination under 18 Pa.C.S. § 6312. The most analogous factual scenario on which there is case law involves possession and delivery of controlled substances under 35 P.S. § 780-113. In such instances, we have held that sentence merger does apply, as "[t]he crime of simple possession is a lesser-included offense of both possession with the intent to deliver a controlled substance, and delivery of a controlled substance." *Commonwealth v. DeLong*, 879 A.2d 234, 237 n.2 (Pa. Super. 2005) (citations omitted).

- 6 -

For example, in **Commonwealth v. Eicher**, 605 A.2d 337, 342 (Pa. Super. 1992), Eicher sold 7.1 grams of cocaine to an undercover officer. A subsequent search of Eicher's home turned up an additional 74.74 grams of cocaine. His sentences for possession, possession with intent to deliver, and delivery as to the 7.1 grams merged for sentencing purposes, "because the possession, possession with the intent to deliver and the delivery of the identical substance arose out of the same transaction and all were premised on the same set of facts." **Id.** at 353. However, a separate sentence for possession of the 74.74 grams found at his residence was appropriate because the "conviction for the possession of the 74.74 grams of cocaine arose out of a completely different set of additional facts which were unrelated to and which were unnecessary to sustain appellant's delivery conviction."[3] **Id.**

Turning to the instant case, the Commonwealth maintains that Appellant's possession and dissemination of the same four images were separate criminal acts. First, the Commonwealth reiterates the principle that we acknowledged in our prior memorandum: that each viewing of an image of child pornography revictimizes the child depicted. Commonwealth's Brief at 5 (citing **Davidson**, 938 A.2d at 219); **see also Peoples**, 376 MDA 2016

---

[3] Comparing **Eicher** to the instant case demonstrates why there is no doubt that Appellant's convictions at case number 337, which were based upon the four images he disseminated, do not merge with his convictions at case number 338, which were based upon eight different images retrieved in the subsequent search of Appellant's computer.

15. (unpublished memorandum at 15). Because of the permanent nature of the images of pornography, the child once exploited by the possessor is subject to a new exploitation by the person to whom the image is disseminated. "It follows that each possession and each dissemination should be considered as a separate act." Commonwealth's Brief at 6.

Looking to the criminal information, criminal complaint, and affidavit of probable cause, the Commonwealth charged Appellant with disseminating four specific images "on or about" January 16, 2004, "at approximately 1616 hours." Criminal Complaint, 1/20/2004, at 1-2; *see also* Affidavit of Probable Cause, 1/20/2004, at 3-4; Information, 5/21/2004, at 1-2 (unnumbered). It also charged him for possessing those four images on his computer hard drive "on or about said date." Criminal Complaint, 1/20/2004, at 2.

Nothing in the charging documents here suggests that Appellant's possession of the images was anything more than incidental to his dissemination of them. In secondarily charging Appellant with possession of each image that he disseminated, the Commonwealth did not include any factual allegations to suggest that he possessed the images at a time other than when he disseminated them, or for a purpose other than their dissemination. The crimes, as charged, are one criminal act akin to Eicher's possession and delivery of the same 7.1 grams of cocaine, rather than

separate incidents like Eicher's additional possession of 74 more grams of cocaine, or Kimmel's pre-stop DUI and post-stop fleeing while DUI.

Courts in other jurisdictions presented with charges similar to those in the instant case have held that the crimes as charged stemmed from a single criminal act. *See State v. Bertsch*, 707 N.W.2d 660, 666 (Minn. 2006) ("Because there is no evidence in the record that demonstrates Bertsch possessed the files named in the possession counts for a separate purpose than the files that were disseminated, the district court's implicit determination that the dissemination and possession offenses were not a single behavioral incident is erroneous…."); *State v. Kamaka*, 277 S.W.3d 807, 812 (Mo. Ct. App. 2009) ("Because Kamaka did not perform a different act or form a new *mens rea* in retaining the same file that was disseminated from his computer, his conduct constituted the 'same conduct' for purposes of double jeopardy analysis.").

Therefore, we conclude that, based upon the way the crimes are charged at docket number CP-35-CR-0000337-2004, Appellant's four convictions for possession of child pornography merge for sentencing purposes with his convictions for disseminating child pornography.

Our holding is specific to the facts charged by the Commonwealth in this case, and is not a generally-applicable determination that possession merges with dissemination for sentencing purposes. If the Commonwealth were to charge a defendant with possessing an image of child pornography

at a time or for a purpose different from his disseminating it, that could constitute two different criminal acts and defeat merger.  But those are not the charges the Commonwealth made in this case.  Here, the Commonwealth charged Appellant with both possessing and disseminating the same images at the same time on the same date.  That constitutes one criminal act per image.  **Accord Bertsch**, 707 N.W.2d at 666 ("We do not hold that possession is always an included offense of dissemination, but the manner in which the state charged the offenses here makes it impossible to distinguish one offense from the other…." (footnote omitted)).

Accordingly, we vacate Appellant's four six-to-12-month sentences at counts five through eight of that case.[4]  Appellant's judgment of sentence is affirmed in all other respects.

Judgment of sentence affirmed in part and vacated in part.  Motion to discontinue is dismissed as moot.  Jurisdiction relinquished.

---

[4] Because those four sentences were ordered to run concurrently with each other and with the dissemination sentences, our ruling does not disturb the overall sentencing scheme.  Thus, there is no need for us to remand the case for resentencing.  **See**, **e.g.**, **Commonwealth v. Melvin**, 103 A.3d 1, 56 (Pa. Super. 2014) ("This Court has the authority to correct an illegal sentence directly rather than to remand the case for re-sentencing so long as we do not disrupt the trial court's sentencing scheme in doing so.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2017