J-S35011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RASHUN MAURICE AUSTION | : | |
| | : | |
| Appellee | : | No. 1167 EDA 2018 |

Appeal from the Order April 9, 2018
in the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000297-2015
CP-52-CR-0000659-2016

BEFORE:    OLSON, J., STABILE, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED MARCH 13, 2020**

Because I believe it is just plain common sense that if Appellant did not possess the glassine packets, Appellant could not have possessed the heroin inside of the glassine packets, I respectfully dissent.  In my view, under these circumstances, the Commonwealth is collaterally estopped from retrying Appellant for possession with intent to deliver (PWID) heroin and possession of heroin, and cannot retry him on these charges without running afoul of double jeopardy principles.

As the Majority recognizes, the applicable standard for collateral estoppel is to determine whether a rational jury could have grounded its verdict in the first trial upon an issue other than that which is sought to be foreclosed in the second trial.  ***Commonwealth v. Smith***, 615 A.2d 321 (Pa.

_____
*Retired Senior Judge assigned to the Superior Court.

1992). When making this inquiry, we must consider the issues from a practical perspective and with an eye to all circumstances, and apply the doctrine of collateral estoppel with "realism and rationality." *Id.* at 251.

Guided by these instructions, I turn to the facts of this case. The paraphernalia at issue are glassine packets, packaging material, a glass pipe, and cigars. There is no dispute that the heroin at issue was contained in the very glassine envelopes of which the jury found Appellant not guilty of possessing. Despite the jury's determining that Appellant was not guilty of possessing paraphernalia at his first trial, and delivering of a hung verdict on the PWID and simple possession of heroin charges, the Commonwealth seeks to prosecute Appellant a second time for PWID and possession of heroin.

The Majority offers several explanations to justify its decision. It first speculates that the jury may have determined that the Commonwealth did not prove that glassine packets were paraphernalia as statutorily defined. Majority Memorandum at 13-14. I do not buy this. While theoretically possible, given the broad definition of paraphernalia, the straightforward nature of glassine packets, and the heroin's presence inside the packets, any such determination would not have been rational.

The Majority next speculates that the jury may have been confused. Again, I am not convinced. The Majority points out that the Commonwealth lumped together multiple types of paraphernalia in a single charge in the information, and did not amend the information after Appellant's co-defendant

pleaded guilty to possession of marijuana and marijuana-related paraphernalia found in her purse. Because pipes and cigars are typically used to consume marijuana, but the glassine packages at issue are used for packaging and storing narcotics, the Majority deems the single paraphernalia charge lumping together multiple items of paraphernalia to be "carelessly confusing." Majority Memorandum at 14-15 n.6. The Majority concludes the jury must have been confused by the lack of evidence regarding the marijuana-related paraphernalia seized from the co-defendant's purse, and therefore rationally concluded Appellant did not possess any paraphernalia. **Id.**

I find this argument to be a red herring. The bottom line is that if the Commonwealth attempted to prove that Appellant possessed the glassine envelopes and the heroin within the glassine envelopes, the Commonwealth's failure to offer evidence regarding paraphernalia of a different variety should not have been a factor to a rational jury. Moreover, even if the jury was confused, any confusion simply was not rational, considering that the verdict slip specifically broke down the various items of paraphernalia and permitted the jury to find Appellant guilty of possession of the glassine envelopes without finding Appellant guilty of the marijuana-related paraphernalia.

The Majority then uses the doctrine of inconsistent verdicts to justify a second trial in this case. To me, this doctrine is inapplicable in double jeopardy jurisprudence. Juries are sometimes strange creatures, and of course they

may make a mistake or exercise lenity in any given case. But that should not override the double jeopardy clause. Otherwise, we will have to throw the baby out with the bathwater, rendering the protections against double jeopardy meaningless in many cases.

The two cases relied upon by the trial court and the Majority regarding inconsistent verdicts do not compel the result the Majority reaches. In **Commonwealth v. DeLong**, 879 A.2d 234 (Pa. Super. 2005), DeLong was found guilty of PWID and delivery of narcotics, and not guilty of the lesser included offense of simple possession of narcotics. Following the jury's verdict, the trial court declared a mistrial due to jury misconduct, and the Commonwealth sought to retry DeLong on the PWID and delivery charges notwithstanding the acquittal for simple possession. In other words, the Commonwealth sought to retry DeLong on the greater charges even though the first jury found DeLong not guilty of the lesser included charge. After DeLong filed and lost a motion to dismiss based on double jeopardy and collateral estoppel principles, he appealed.

On appeal, this Court was not troubled in a general sense by the jury's rendering of inconsistent verdicts; it noted that they are permissible due to the jury's right to exercise lenity, and the inconsistent verdict on the lesser offense "does not imply error, mistake, or inability to agree as to the two greater inclusive offenses." **Id.** at 238. But the Court stressed that the inconsistent verdicts in DeLong's first trial do not implicate double jeopardy or

- 4 -

collateral estoppel in Appellant's second trial because "Appellant was convicted of the greater inclusive offenses which are now refiled against him." *Id.* Since Appellant was convicted of PWID and delivery charges in the first trial, he could be tried on those charges again. The Commonwealth proved both beyond a reasonable doubt in his first trial, avoiding any concern that there was "an inadequate evidentiary proffer in the first prosecution." *Id.* at 239. Furthermore, because nothing was resolved in Appellant's favor as to the PWID and delivery charges in his first trial, there is no concern that the Commonwealth had failed to make a case or that the jury had disagreed over the greater inclusive offenses. *Id.* Therefore, the Commonwealth could retry Appellant on the same charges without having the issue of Appellant's possession and delivery precluded. *Id. DeLong* has no bearing on the instant case, where the jury decided the possession of paraphernalia charge in Appellant's favor.

The second case, ***Commonwealth v. Moore***, 103 A.3d 1240, 1246 (Pa. 2014), is even more inapposite, as it is not a double jeopardy case. Instead, ***Moore*** examined whether one could interpret a jury's acquittal on one charge as a factual finding affecting a second charge **in the same trial**, such that a reviewing court must overturn the inconsistent finding of guilt on the second charge. The ***Moore*** Court concluded that one could not, and permitted the inconsistent verdicts to stand.

Thus, neither **DeLong** nor **Moore** supports the notion that following a first trial with inconsistent verdicts, the Commonwealth may retry a defendant without facing issue preclusion or double jeopardy restrictions in the second trial simply because of the mere possibility that the jury may have acquitted the defendant on one or more charges in the first trial due to lenity, mistake, or compromise. Stated another way, neither case holds that the doctrine of inconsistent verdicts overrides constitutional double jeopardy protections.

When I consider the facts of the instant case from a practical perspective and with an eye to all circumstances, and apply the doctrine of collateral estoppel with "realism and rationality," **see Smith**, 540 A.2d at 251, I am compelled to reverse the trial court's decision to permit the second trial to proceed. The trial court claims the jury's finding that Appellant did not possess paraphernalia is not specific enough to conclude that Appellant did not possess the heroin contained within the glassine packets. But if one uses "realism and rationality" as our Supreme Court has instructed, how can one ignore the plain and obvious fact that it would have been impossible for Appellant to have possessed the heroin inside the glassine packets if he did not possess the glassine packets themselves?

Moreover, I am troubled by the suggestion of the trial court and the Majority that because possession of glassine packets is not an element of simple heroin possession and PWID, the Commonwealth could prove the charges of heroin possession and PWID in a second trial without reference to

- 6 -

the glassine packages. An issue need not be an element of the re-tried crimes to have preclusive effect. The issues merely need be sufficiently similar and material; actually litigated in the first action; and a final judgment on the specific issue exists. ***Commonwealth v. Brockington-Winchester***, 205 A.3e 1279-1283-84 (Pa. Super. 2019). Even if the Commonwealth could prove its case as to possession and PWID without referencing the glassine envelopes, this means Appellant could be convicted of possessing drugs inside the envelopes despite being not guilty of possessing the envelopes themselves. In my view, the constitutional protections against double jeopardy prohibit such a result. Accordingly, I dissent.