J-S95027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOEL OREE | |
| Appellant | No. 426 EDA 2016 |

Appeal from the Judgment of Sentence August 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000859-2014

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED MAY 23, 2017**

Joel Oree appeals from the August 21, 2015 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his convictions for rape, involuntary deviate sexual intercourse ("IDSI"), sexual assault, indecent exposure, and indecent assault.[1]  We vacate Oree's judgment of sentence for sexual assault and affirm as to his remaining convictions.

The trial court set forth the following facts:

> [Ikea] Rogers [("Victim")], the victim in this case, first met [Oree] on the Broad Street Line train on November 11, 2013 at approximately five or six o'clock in the evening.  [Victim] was homeless at the time, and [Oree] asked if she wanted to spend the night at his residence.

---

[1]  18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 3124.1, 3127(a), and 3126(a)(2), respectively.

[Victim] and [Oree] disembarked at the Susquehanna-Dauphin stop and walked to [Oree]'s apartment.

Once at the apartment, [Oree] gave [Victim] pajamas and said she could sleep on the couch. [Victim] fell asleep but was later awoken by [Oree] and asked to perform oral sex in exchange for staying the night. [Oree] then grabbed [Victim] by the neck, forced her on her knees, and made her perform oral sex. [Oree] ejaculated in [Victim]'s mouth and told her to swallow it, and she did.

[Oree] then grabbed [Victim] by both arms and led her to his bed. [Oree] told [Victim] to remove her pajamas, and she complied. [Victim] asked [Oree] to wear a condom, but [Oree] refused. [Oree] then put his penis inside [Victim]. [Victim] told [Oree] to stop, but he did not. [Victim] "just kept screaming no" and tried to push [Oree] away. According to [Victim], [Oree] was on top of her "[a]ll night long."

Early the next morning, [Victim] gathered her clothes and escaped the apartment while [Oree] used the bathroom. The next day, having seen her therapist, [Victim] met with police a[t] St. Joseph's Hospital who subsequently took her to meet with Special Victims Unit. [Victim] now fears for her life, carrying knives and mace in her pocketbook every time she is out.

1925(a) Opinion, 7/11/16, at 2-3 ("1925(a) Op.") (internal citations omitted).

On February 5, 2015, following a bench trial, the trial court convicted Oree of the aforementioned crimes. On August 21, 2015, the trial court sentenced Oree to 7 to 14 years' incarceration followed by 6 years' probation for the rape conviction, and two concurrent terms of 10 years' probation for the IDSI and sexual assault convictions. The trial court imposed all probation terms concurrently. Oree filed a post-sentence motion, which the

trial court denied by operation of law on January 4, 2016. On February 3, 2016, Oree timely filed a notice of appeal.

Oree raises the following issues on appeal:

A. Did the lower court err as a matter of law by imposing separate sentences on the charges of sexual assault, rape and involuntary deviate sexual intercourse, where sexual assault is a lesser included offense of the latter two offenses?

B. Were the verdicts against the weight of the evidence where Ms. Rogers gave inconsistent descriptions of the night in question and appell[]ant offered a simple explanation for their meeting?

C. Did the lower court abuse its discretion by imposing a sentence in excess of the guideline range without properly stating the basis for doing so on the record?

Oree's Br. at 5 (full capitalization omitted).

Oree first claims that the sexual assault conviction merged with the rape and IDSI convictions for sentencing purposes.

"A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence," for which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Nero**, 58 A.3d 802, 806 (Pa.Super. 2012) (quoting **Commonwealth v. Quintua**, 56 A.3d 399, 400 (Pa.Super. 2012)).

The statute governing the merger of sentences provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes

        merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. The statute "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). Sexual assault is a lesser-included offense of rape and IDSI. *See Commonwealth v. Buffington*, 828 A.2d 1024, 1032 (Pa. 2003) ("As the rape and involuntary deviate sexual intercourse offenses at issue subsume a lack of consent, although each requires more, and sexual intercourse is common to the offenses, we conclude that sexual assault constitutes a lesser-included offense of these crimes.").[2]

_____

[2] Section 3101 of the Crimes Code defines sexual intercourse as "intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101. The Pennsylvania Supreme Court in *Commonwealth v. Kelley*, defined sexual intercourse and deviate sexual intercourse as "includ[ing] vaginal intercourse, anal intercourse, oral intercourse, and penetration by a foreign object." 801 A.2d 551, 556 (Pa. 2002).

Sexual assault occurs when a "person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1.

Rape occurs when a "person engages in sexual intercourse with a complainant . . . [b]y forcible compulsion." 18 Pa.C.S. § 3121.

IDSI occurs when a "person engages in deviate sexual intercourse with a complainant . . . by forcible compulsion[.]" 18 Pa.C.S. § 3123.

The trial court convicted and sentenced Oree for three separate criminal acts. In its 1925(a) opinion, however, it acknowledged that the sexual assault conviction arose from the same criminal acts as the rape and IDSI convictions. 1925(a) Op. at 4. We agree.

The Pennsylvania Supreme Court has previously explained that

> an overarching chain of events does not constitute a single criminal act when there is a break in that chain. A break requires both that: (1) the acts constituting commission of the first crime were completed before the defendant began committing the second crime; and (2) proof of the second crime did not in any way rely on the facts necessary to prove the first crime. In addition, the break must be either: (1) a significant temporal lapse; or (2) where applicable, indicated by a change in the criminal intent of the defendant at some point during the sequence. Where a defendant is convicted of two or more crimes and there is no break, the court must then proceed to the merger analysis as above described. If the acts that make-up the first crime are complete before the defendant begins the second crime, if proof of the second crime does not rely on any of the facts supplying proof of the first crime, and if there is either a significant temporal break or a change in the defendant's intent, the defendant will have committed multiple criminal acts.

*Commonwealth v. Gatling*, 807 A.2d 890, 900 (Pa. 2002). The Court warned against an overly broad definition of "single criminal act" based on its "concern . . . to avoid giving criminals a 'volume discount' on crime." *Id.* at 897 (quoting *Commonwealth v. Anderson*, 650 A.2d 20, 22 (Pa. 1994)).

Here, although there is evidence that Oree engaged in two separate

criminal acts,[3] the Commonwealth did not establish a third act to form the basis of the sexual assault conviction. The Commonwealth argues that there were at least three criminal acts because "[t]he sexual assault continued throughout the night." Cmwlth's Br. at 7. However, there must be a break in the "overarching chain of events." *Gatling*, 807 A.2d at 900. The Commonwealth's contention that the sexual assault continued throughout the night does not indicate a significant temporal lapse or a change in Oree's criminal intent that would support a "break" between two separate criminal acts. *Id.* Thus, the trial court, based on its own factual findings, erred in imposing a sentence on the sexual assault conviction, which merged with the rape and IDSI convictions.

Remand, however, is not necessary because the trial court imposed concurrent sentences of 10 years for sexual assault and IDSI. Vacating the judgment of sentence for sexual assault does not affect the overall sentencing scheme. *See Commonwealth v. Lomax*, 8 A.3d 1264, 1268-69 (Pa.Super. 2010) (finding remand not required when vacating judgment of sentence would not disturb overall sentencing scheme).

---

[3] Oree first forced [Victim] to perform oral sex on him until he "ejaculated in [Victim]'s mouth and told her to swallow it." 1925(a) Op. at 2-3. Next, Oree "led her to his bed [and told her] to remove her pajamas . . . [and] then put his penis inside [her]." *Id.* at 3.

Next, Oree claims that the verdicts were against the weight of the evidence. This court reviews a weight of the evidence claim for an abuse of discretion. **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence." **Id.** (quoting **Commonwealth v. Widmer** 744 A.2d 745, 753 (Pa. 2000)). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." **Id.**

Oree claims the verdict was against the weight of the evidence because Victim gave inconsistent descriptions of the events when she stated that Oree was on top of her the entire night but then testified it was only for about two hours. Oree further claims Victim's testimony that he violently handled and hurt her are not credible because there were no bruises or injuries apparent during her examination. However, the trial court, as the fact-finder was free to credit Victim's testimony. **See Commonwealth v. Page**, 59 A.3d 1118, 1130 (Pa.Super. 2013) (credibility determination "lies solely within the province of the factfinder"); **Commonwealth v. DeJesus**, 860 A.2d 102, 107 (Pa.Super. 2004) ("The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of

the evidence, and to assess the credibility of the witnesses."). The trial court did not abuse its discretion when it found the verdict was not against the weight of the evidence.

Finally, Oree challenges the discretionary aspects of his sentence, arguing that the trial court failed to state on the record its reasons for imposing a sentence in excess of the guideline range. However, Oree has waived this claim by failing to raise it in his Pennsylvania Rule of Appellate Procedure 1925(b) statement. **See *Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.").

Judgment of sentence for sexual assault vacated. Judgment of sentence affirmed as to the remaining convictions.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017