J-A14003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOSE ARTURO ESQUIVEL :
HERNANDEZ :
: No. 425 WDA 2019
Appellant :

Appeal from the Judgment of Sentence Entered February 5, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007825-2018

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED NOVEMBER 25, 2020

Appellant, Jose Arturo Esquivel Hernandez, appeals from the February 5, 2019 judgment of sentence entered in the Allegheny County Court of Common Pleas. We affirm.

The trial court summarized the facts of the crime, as follows:

With the exception of evidence related to consent, the following facts were uncontested at trial. Victim A.B. is married to Appellant's brother[,] and they have known each other for roughly fourteen (14) years. . . . [O]n the evening of Saturday, April 21, 2018, Appellant and Christina Sajewski, mother of Appellant's child, picked up A.B. to go out drinking and dancing at club Insomnia. They stayed until closing and the three (3) of them returned to A.B.'s apartment sometime between 2:00 a.m. and 3:00 a.m. Appellant testified that he consumed "a lot" of tequila and more than ten (10) beers while at the club and was so intoxicated that he passed out at A.B's apartment. A.B., who was also intoxicated, continued to drink tequila with Christina after they arrived at her apartment, while Appellant was seemingly asleep in a chair at the dining room table. Appellant testified that prior to falling asleep at A.B's apartment[,] he recalled seeing her

with two (2) bottles of tequila. Having spent a long night drinking, A.B. told Christina that she was going to bed. Christina was trying to wake Appellant to go home when A.B. headed to her bedroom and changed into pajamas. Neither Appellant or the victim recall any other parts of those early morning hours until they both woke up in A.B.'s bed. It was not until 10:00 a.m., after being awoken by a phone call, that A.B. realized Appellant was asleep in her bed and her pajama pants were off, but her underwear was on. In disbelief, she lifted the bed covers to find that Appellant was naked from the waist down. Reacting to what she was feeling and seeing, A.B. took a few pictures of him, explaining to the jury, "this cannot be true," "I need to take a couple of pictures." A.B. left the bed and went into her bathroom, at which time felt pain to her buttocks and discomfort in her vagina as if she had had intercourse. She was in the shower when Appellant told her that Christina was picking him up and he was leaving. A.B. spent the rest of the day crying, feeling bad about what must have happened between her and Appellant. On Monday, April 23, 2018, A.B. confided in a friend who assisted her in reporting the incident to police. A.B. also went to a hospital where a rape kit was administered. As part of the investigation, forensic testing revealed a DNA match between stains found in A.B.'s underwear and Appellant.

Trial Court Opinion, 7/25/19, at 3–4 (footnotes omitted).

Following a three-day jury trial, Appellant was convicted of one count of sexual assault, 18 Pa.C.S. § 3124.1., and acquitted of one count of rape of an unconscious person, 18 Pa.C.S. § 3121(a)(3). On February 5, 2019, the trial court sentenced Appellant to four to eight years of imprisonment. Appellant filed a timely post-sentence motion, which the trial court denied on February 19, 2019. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I. To prove sexual assault here, the Commonwealth must prove beyond a reasonable doubt [Appellant] engaged in sexual

intercourse with the complainant without the complainant's consent. The testimony showed that neither [Appellant] nor [A.B.] could remember the night they had sex or the circumstances leading up to or during the sexual encounter. Accordingly:

Did the Commonwealth fail to present sufficient evidence of [A.B.'s] lack of consent to convict [Appellant] of sexual assault?

II. Whether the trial court's sentence was illegal where the trial court failed to make a RRRI finding on the record[?]

III. Whether the trial court abused its discretion by imposing an excessive, non-individualized sentence under the circumstances to the exclusion of [Appellant's] mitigating lack of prior record, employment circumstances, and his victimization[?]

Appellant's Brief at 5.

Appellant notes that both he and A.B. are Spanish speaking-Mexican immigrants, who required Spanish-to-English translators to testify. Appellant's Brief at 6. "At the time of trial, [Appellant] had a U-Visa as a victim of domestic violence or another serious crime, and [A.B.] was in the process of seeking a U-Visa due to the pending case. Id. at 9.[1]

Appellant first argues that the Commonwealth failed to present sufficient evidence of A.B.'s lack of consent to sexual intercourse with Appellant. Appellant's Brief at 5. We note that in both his Pa.R.A.P. 1925(b) statement

_____

[1] Congress passed legislation in 2000 that created a new nonimmigrant visa classification—the U-Visa—within the Immigration and Nationality Act. "It is a temporary legal status offered to victims of rape and other specified crimes who have cooperated, or are likely to cooperate, in the investigation and prosecution of those crimes." Contreras Aybar v. Sec'y United States Dep't of Homeland Sec., 916 F.3d 270, 272 (3d Cir. 2019).

filed in the trial court and in his Statement of Questions Involved in his appellate brief, pursuant to Pa.R.A.P. 2116, Appellant challenged the sufficiency of the evidence in the record relating only to A.B.'s lack of consent to sexual intercourse. Appellant's attempt to expand the issue on appeal to include an allegation of cultural and gender bias and a claim that his inability to use his own intoxication as a defense violated due process, is rejected as waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Commonwealth v. Bradley, 69 A.3d 253 (Pa. Super. 2013), supports waiver herein, as well. In Bradley, the appellant raised a sufficiency challenge to his conviction for aggravated assault in his Pa.R.A.P. 1925(b) statement, asserting that the record did not include evidence that he acted intentionally, knowingly, or recklessly. Id. at 256. On appeal, Bradley asserted additionally that his use of force in breaking his daughter's arm was justified. We held that argument waived, stating:

> Although Rule 1925(b) indicates that "each error identified in the [Rule 1925(b)] Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court," it also directs that "issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(v), (vii). In the matter at hand, the error identified in Bradley's Rule 1925(b) Statement may not be deemed to include his appellate brief's Section 509 claim as a "subsidiary issue contained therein which was raised in the trial court," as the Section 509 issue cannot be construed as subsidiary, and was not raised before the trial court in any manner. As such, the Section 509 claim is waived for purposes of appeal. Pa.R.A.P. 1925(b)(4)(vii). See also Commonwealth v. Hansley, 24 A.3d 410, 415 (Pa. Super.

2011) ("The Rule 1925(b) statement must be 'specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal.'") (citation omitted), appeal denied, 613 Pa. 642, 32 A.3d 1275 (2011).

Id. at 256.  Similarly, in the instant case, the only aspect of the issue that was preserved below and in Appellant's Statement of the Questions Involved in his brief is the assertion that the evidence of record is insufficient to prove that A.B. did not consent to sexual intercourse.

Thus, Appellant's first issue assails the sufficiency of the evidence for his conviction of sexual assault.  In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt.  Commonwealth v. Green, 203 A.3d 250, 253 (Pa. Super. 2019), appeal denied, 216 A.3d 1036, 54 WAL 2019 (Pa. July 30, 2019).  "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." Commonwealth v. Colon-Plaza, 136 A.3d 521, 525–526 (Pa. Super. 2016) (quoting Commonwealth v. Robertson-Dewar, 829 A.2d 1207, 1211 (Pa. Super. 2003)).  It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence.  Commonwealth v. Tejada, 107 A.3d 788, 792–793 (Pa. Super. 2015).  The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence.

Commonwealth v. Mucci, 143 A.3d 399, 409 (Pa. Super. 2016). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Commonwealth v. Rogal, 120 A.3d 994 (Pa. Super. 2015).

In the instant case, the jury convicted Appellant of sexually assaulting A.B. in violation of 18 Pa.C.S. § 3124.1, which provides as follows:

§ 3124.1. Sexual assault

Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S. § 3124.1.

Appellant argues that because A.B. testified to having no memory of intercourse or the events immediately preceding it, "there was no evidence of a lack of consent to have intercourse let alone how the sexual intercourse was initiated." Appellant's Brief at 17. Thus, he asks that his conviction be reversed and his judgment of sentence vacated. Id.[2]

_____

[2] Appellant also presents, for purposes of "preservation," the claim that A.B.'s diminished state "defeated the element of lack of consent, and therefore his conviction for sexual assault should be reversed and his judgment of sentence vacated," even though this claim "has been foreclosed by the Pennsylvania Supreme Court in Commonwealth v. Buffington, 828 A.2d 1024 (Pa. 2003), and Commonwealth v. Widmer, 744 A.2d 745 (Pa. 2000)." Appellant's Brief at 27. Appellant contends:

The Commonwealth maintains that it established that A.B. did not consent to sexual intercourse. Consent, as used in the Crimes Code, is defined as follows:

§ 311. Consent

(a) General rule.--The consent of the victim to conduct charged to constitute an offense or to the result thereof is a defense if such consent negatives an element of the offense or precludes the infliction of the harm or evil sought to be prevented by the law defining the offense.

* * *

(c) Ineffective consent.--Unless otherwise provided by this title or by the law defining the offense, assent does not constitute consent if:

* * *

> (2) it is given by a person who by reason of youth, mental disease or defect or intoxication is manifestly unable or known by the actor to be unable to make a reasonable judgment as to the nature or harmfulness of the conduct charged to constitute the offense;

18 Pa.C.S. § 311(a), (c)(2).

_____

> In a case such as this, precedent states that [A.B.'s] intoxication, paired as it was with her complete memory loss, established her unconscious state and automatically established that she could not consent. Buffington, 828 A.2d at 1032; Erney, 698 A.2d at 59. However, this case presents the question of how to address the element of lack of consent where both parties exhibit a complete loss of memory . . . ."

Appellant's Brief at 32. He admits that this issue "has been foreclosed by precedent finding that intoxication and a lack of memory by the complainant is sufficient to show they were unable to consent and supports a finding of guilt." Id. at 34; Appellant's Reply Brief at 3 n.1.

The Commonwealth points to A.B.'s testimony that while she could not remember what happened, she was aware that intercourse occurred because she experienced genital discomfort of the type she has after having intercourse with her husband. Commonwealth's Brief at 15 (citing N.T., 9/8/18, at 91). A.B. stated that her husband had been deported months ago, but she recalled that type of discomfort. Id. As well, Appellant's DNA was on her underwear, which A.B. explained had been pushed to the side. N.T., 9/8/18, at 70–71, 92. A.B. also testified that she would never consent to sex with her brother-in-law, and that Appellant previously had become intoxicated and laid down in complainant's bed with her, without her permission. Commonwealth's Brief at 16 (citing N.T., 9/9/18, at 33, 45). The Commonwealth maintains that while Appellant disagreed with A.B.'s testimony about the prior incident, "the jury was free to reject his testimony; especially given that he testified that he knew which bedroom belonged to the complainant." Id. at 17. Thus, the Commonwealth submits that A.B. was highly intoxicated and was unable to consent to sexual intercourse. Commonwealth Brief at 18.

In resolving this issue, we rely on the thorough explanation of the trial court, which held that the Commonwealth presented sufficient evidence that A.B. did not consent to sexual intercourse, as follows:

> A review of the record, with all reasonable inferences given to the Commonwealth as verdict winner, demonstrates that there was sufficient evidence for the element of non-consent to support the conviction of Sexual Assault. Both parties acknowledged a

night of excessive drinking at the club, and that the victim consumed more alcohol after she got home. Both reached a level of intoxication that caused each to be incapable of recalling the events between the respective times they fell asleep and woke up later that morning. As the evidence supports that at all relevant times throughout the assault the victim was impaired physically and mentally, she lacked the capacity to consent. See Commonwealth v. Diaz, 152 A.3d 1040 (Pa. Super. 2016) (Court affirmed the conviction for Sexual Assault where the victim testified she was so intoxicated that she was "blacking in and out" during the assault. The Court determined that the evidence was sufficient to establish that Diaz sexually assaulted the victim while she was unconscious and without her consent as she was at all relevant times in such impaired physical and mental condition so as to be unable to knowingly consent such that her submission to intercourse was involuntary.)

Furthermore, the jury [herein] heard the victim testify that despite the fact that she could not remember the assault, she did not, and would not have consented to having sex with her own brother-in-law. A.B.'s reaction the following morning: her shock and surprise to find herself in a state of undress and Appellant naked; that she spent the day crying; that she felt so badly that she couldn't eat, or do any household chores; is additional circumstantial evidence of her lack of consent. In total, the Commonwealth presented sufficient evidence for the jury to conclude that the Commonwealth had satisfied [its] burden of proving lack of consent beyond a reasonable doubt.

Trial Court Opinion, 7/25/19, at 6–7 (footnote omitted).

Appellant's second issue alleges that the trial court's sentence was illegal, where the trial court failed to make a finding on the record concerning the Recidivism Risk Reduction Incentive ("RRRI") program.[3] Appellant's Brief

_____

[3] The RRRI program permits an incentive to certain eligible offenders as established in 61 Pa.C.S. §§ 4501, et seq. Under RRRI, "[t]he court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence [and] … [i]f the defendant is eligible, the court shall

at 35 (citing Commonwealth v. Robinson, 7 A.3d 868, 870–871 (Pa. Super.

2010).   Appellant asserts:

> Instantly,   at   [Appellant's]   sentencing,   the   prosecutor
> stated:   "Your Honor, [Appellant] is not triple RI eligible.   I just
> wanted to put that on the record."   (ST at 20-21).   Instead of
> acknowledging and ruling on [Appellant's] status, the trial court
> immediately asked: "Isn't he a SORNA, isn't he subject to the
> confines of SORNA?"   (ST at 21).   No other comments were made
> about [Appellant's] RRRI eligibility.

Appellant's Brief at 35.

The Commonwealth cites to the trial court's explanation and avers that

Appellant asks this Court to read the sentencing transcript in a vacuum.

Commonwealth's Brief at 29–30.   The Commonwealth maintains:

> Under 61 Pa.C.S.A. § 4503, to be an "eligible offender" one must
> not have been convicted of "any offense for which registration is
> required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration
> of sexual offenders)."   It is clear that the prosecutor told the court
> that [A]ppellant wasn't eligible[,] and the trial court already knew
> the reason for ineligibility-i.e., the requirement of registration,
> and noted that on the record.   It subsequently memorialized its
> determination in the Order of Sentence.

Commonwealth's Brief at 30.

Eligibility for RRRI has been regarded as implicating the legality of a

sentence.   Commonwealth v. Tobin, 89 A.3d 663, 669 (Pa. Super. 2014);

Commonwealth v. Robinson, 7 A.3d 868, 871 (Pa. Super. 2010)).   Because

RRRI eligibility "concerns a matter of statutory interpretation and is, thus, a

pure question of law, our standard of review is de novo and our scope of

_____

impose a recidivism risk reduction incentive minimum sentence in addition to
a minimum sentence and maximum sentence[.]"   42 Pa.C.S. § 9756(b.1).

review is plenary." Commonwealth v. Chester, 101 A.3d 56, 60 (Pa. 2014) (citation omitted). We note that Appellant does not challenge his RRRI eligibility; he merely claims that the trial court failed to make any finding of RRRI eligibility. Appellant's Brief at 36. We disagree.

The trial court addressed this contention, as follows:

Appellant challenges the legality of his sentence by complaining that the [c]ourt erred by failing to state at the time of sentencing if Appellant was RRRI eligible. RRRI, known as Recidivism Risk Reduction Incentive, is found at 61 Pa.C.S.A. §§ 4501-4512. Specifically, § 4505 requires the sentencing court to make a determination on the record as to Appellant's eligibility. Appellant contends that the [c]ourt failed to make this finding at sentencing. A review of the record reveals that this issue is meritless. At the time of sentencing, the Commonwealth indicated to the [c]ourt that Appellant was not RRRI eligible.[11] The [c]ourt accepted the Commonwealth's assertion, as Appellant's conviction subjects him to lifetime registration, making him statutorily ineligible.[12] The [c]ourt's sentencing Order reflects the same.[13] "It is well settled that, where there is a discrepancy between the sentence as written and orally pronounced, the written sentence generally controls." Commonwealth v. Willis, 68 A.3d 997, 1010 (Pa. Super. 2013).

[11] [N.T.(Sentencing), 2/5/19,] at 20.

[12] Title 61 Pa.C.S.A. § 4503(1) and (4).

[13] Order of Sentence, February 5, 2019.

Trial Court Opinion, 7/25/19, at 8–9.

It is significant, as noted by the trial court, that the sentencing order clearly states that Appellant is "RRRI Ineligible: [Appellant] is not eligible for RRRI by statute." Order of Sentence, 2/5/19. Without this clarity, we may have concluded differently. See, e.g., Commonwealth v. Robinson, 7 A.3d

868, 871 (Pa. Super. 2010) (where trial court fails to make a determination regarding a defendant's eligibility for an RRRI minimum sentence, the sentence is illegal). "It is axiomatic that if there is a conflict between the sentence imposed in open court versus that contained in the trial court's written order, the sentence in the written sentencing order controls." Commonwealth v. Brooker, 103 A.3d 325, 329 (Pa. Super. 2014) (citing Willis, 68 A.3d at 1010). Moreover, we recognize that Appellant is ineligible for RRRI based on his conviction for sexual assault. See 61 Pa.C.S. § 4503(4) (noting that a defendant is not eligible for RRRI if he is convicted of an offense under 42 Pa.C.S. Ch. 97, relating to registration of sexual offenders). Thus, we determine the issue lacks merit.

Appellant's final issue assails the discretionary aspects of his sentence. The trial court sentenced Appellant to four to eight years of imprisonment, which is a sentence in the standard range of the Sentencing Guidelines. Order, 2/5/19; Guideline Sentence Form; Docket Entry 10. Appellant contends the trial court abused its discretion by imposing an excessive, non-individualized sentence. Appellant's Brief at 41. Appellant has included in his brief the required Pa.R.A.P. 2119(f) concise statement of matters relied upon for allowance of appeal when raising an issue of the discretionary aspects of sentence. Appellant's Brief at 37–40.

It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a

- 12 -

claim is not absolute. Commonwealth v. Treadway, 104 A.3d 597, 599 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. Commonwealth v. Tejada, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted); Commonwealth v. Austin, 66 A.3d 798, 808 (Pa. Super. 2013).

In the instant case, the issue was preserved in a post-sentence motion, Appellant filed a timely appeal, and Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Appellant has raised a substantial question that the sentence is not appropriate under 42 Pa.C.S. § 9781(b). Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010).

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will allow the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code, or (2) contrary to the fundamental norms which underlie the sentencing process. Commonwealth v. Caldwell, 117 A.3d 763, 768 (Pa. Super. 2015). "Our inquiry must focus on the reasons for which the appeal is sought,

in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." Commonwealth v. Knox, 165 A.3d 925, 929 (Pa. Super. 2017) (quoting Commonwealth v. Tirado, 870 A.2d 362, 365 (Pa. Super. 2005)).

Appellant contends the trial court abused its discretion by failing to follow the requirements of the Sentencing Code, 42 Pa.C.S. § 9721(b),[4] as it allegedly ignored the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. Appellant's Brief at 39. We conclude that in this instance, Appellant has raised a substantial question. See Commonwealth v. Fullin, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to consider the factors set forth in 42 Pa.C.S. § 9721(b)). Therefore, because Appellant raises a substantial question, we will address it on appeal.

It is undisputed that sentencing is a matter vested in the sound discretion of the trial court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Fullin, 892 A.2d at 847. In this

_____

[4] We note that the factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

- 14 -

context, an abuse of discretion is not shown merely by an error in judgment. Id. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. Id.

Indeed, the sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).

Appellant argues that his standard-range sentence is excessive, and the trial court failed to address mitigating circumstances present in his case. Appellant's Brief at 41. He suggests that the trial court "relied instead on the victim's impact statement and the circumstances behind [Appellant's] conviction in addition to a faulty presentence report." Id. Appellant avers that the trial court misunderstood the nature of his character testimony. Appellant's Brief at 43 and n.11. He posits that the trial court failed to consider Appellant's "lack of a prior record, his employment circumstances, and his own victimization," asserting that his family fled Mexico when their house was burned down. Id. at 44 and n.12. Thus, Appellant contends he is entitled to a new sentencing hearing.

Regarding Appellant's suggestion that the presentence investigation ("PSI") report, upon which the trial court relied, was "faulty," Appellant maintains that a translator was not present during the interview for the report. Appellant's Brief at 46. This claim is rejected as waived. See Pa.R.A.P. 302(a) (Issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Appellant did not object to the PSI report based on the absence of a translator. Rather, counsel merely stated, "As noted in the presentence report, the pre-sentence investigator met with [Appellant] without an interpreter, and that could be the reason for a few of these corrections." N.T. (Sentencing), 2/5/19, at 3. This issue is waived. Commonwealth v. Spell, 28 A.3d 1274, 1280 (Pa. 2011) (failure to raise a timely objection waives issue).

Appellant also contends that because the trial court failed to consider his character and mitigating circumstances outside of the facts of the case, the trial court could not have fashioned an individualized sentence. Appellant's Brief at 47. The Commonwealth responds that that the trial court did consider all factors. Commonwealth's Brief at 33. It maintains that Appellant's argument is mere complaint regarding how the trial court weighed the factors.

The trial court stated:

> The record reflects that all the proper considerations were made pursuant to 42 P[a].C.S.A. § 9721(b). Trial counsel aptly spoke on behalf of Appellant regarding mitigation, citing his lack of a criminal history, work history, his children, and his mother's

failing health. It is important to note that the author of the character letter and testifying character witness were mostly, if not exclusively, acquainted with Appellant's mother, not Appellant. The [c]ourt clearly balanced all factors before it when it reasoned that the imposed standard range sentence reflected not only the gravity of the crime and violation of family trust, but also the mitigating fact, which was the [c]ourt's belief that Appellant's conduct was rooted in his highly intoxicated[] state as opposed to a desire to harm. Therefore, the [c]ourt's standard range sentence was appropriate and not manifestly excessive.

Trial Court Opinion, 7/25/19, at 8 (footnotes omitted).

"We have repeatedly held that where a sentencing court has the benefit of a PSI, the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors." Commonwealth v. Mulkin, 228 A.3d 913 (Pa. Super. 2020) (citing Moury, 992 A.2d at 171). Furthermore, this argument is belied by the record. The trial court stated at sentencing:

> Very well. All right, I have considered the sentencing guidelines in this case. The bottom of the mitigated range is 24 months. The standard range runs from 36 up to 54 months. And the top of the aggravated range is 60 months. I have considered and read the three letters submitted on behalf of [Appellant]. I have considered the presentence report which contains a statement by the victim of the sexual assault, wherein she details the harm that this has caused to her and her family, and where she requests the [c]ourt to impose the maximum possible sentence. I have also considered the testimony relative to [Appellant's] mother's failing health . . . .

N.T. (Sentencing), 2/5/19, at 16–17.

Therefore, we conclude that all mitigating factors were considered. The trial court did not abuse its discretion in imposing Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/25/2020</u>